---

## VANDEVER VS. CLARK ET AL.

A release of one of several obligors, is a release of all. *Frazier vs. State Bank,* 4 *Ark.* 510; *Ferguson vs. State Bank,* 6 *Eng.* 513.

Where a note sued upon, is described as bearing interest at a certain per cent. *per annum;* and a release pleaded in which the note is copied as bearing the same per cent. *per amount,* but the note is described in the release as bearing the interest *per annum;* there is no such variance as will render the release inoperative.

In copying a note and an assignment endorsed upon it, there is no variance if the copy omit calculations of interest endorsed upon it.

*Writ of Error to Sebastian Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

WALKER and GREEN, for plaintiff. Upon the subject of variance, a distinction is now fully established between allegations of matter of substance, and allegations of matter of description. The former require to be substantially proved—the latter must

be proved literally.    *Phil. Ev.*, vol. 5, *p.* 2; *Rossiter vs. Marsh*, 4 *Con. R.* 196; *Saxon et al. vs. Johnson*, 10 *J. R.* 419; 7 *Ib.* 223; 4 *Pick.* 508; see note 3, *p.* 1, *Cowen & Hill's Notes to Phill. Ev.*, *vol.* 5, *and authorities cited.*

The note sued upon calls for interest at 8 per cent. *per annum;* the note released, calls for 8 per cent. *per amount.*    Here is such a substantial variance as will make it fatal in all cases of description.    *Adams vs. Brown*, 4 *Litt. R.* 7, 8; 3 *J. J. Marsh.* 590; *Thomas ad. vs. Thomas*, 1 *Ch. Pl.* 306, 307; 7 *Yerger* 526; 3 *Wend.* 374; 5 *Hill's N. Y. Rep.* 143; 1 *Smith's Leading cases* 464.

S. H. HEMPSTEAD and S. F. CLARK, contra.    In this case, no question has been made or reserved, and it falls within the rule laid down in *State Bank vs. Conway*, 13 *Ark.* 344.

A release to one of several obligors, is a release to all.    2 *Eng.* 328; 2 *Saund.* 48 *a;* 7 *John* 207; 8 *Term Rep.* 168.

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of debt upon a writing obligatory, executed by the defendants to William H. Norton, and by him, on the 1st day of April, 1854, endorsed to Joseph W. Vandever, (the plaintiff.)

The defendant pleaded payment and release, upon which issue was taken; and upon the trial of the case, which was by consent submitted to the court in place of a jury, the defendants offered in evidence the following, which purports to be a copy of the writing obligatory sued upon, with the endorsements thereon; the latter of which was executed under the seal of said Norton, on the 19th day of January, 1854.

"$400.

One year after the date hereof, we, or either of us, promise to pay to William H. Norton or bearer, the sum of four hundred dollars, with interest on the same, at the rate of eight per cent.

per amount from date, for value received. Given under our hands and seals, this 18th day of July, A. D. 1851, at the city of Fort Smith.

S. F. CLARK, [SEAL.]

G. E. BUMFORD, [SEAL.]

G. G. SHUMARD, [SEAL.]

J. R. KENNEDY, [SEAL.]

S. D. McDONALD." [SEAL.]

Upon which is endorsed :

"NOVEMBER 17TH, 1852.

Received of S. F. Clark, two hundred dollars of the principal of the within note, and twenty dollars and fifty cents as interest." And also : " Received of G. E. Bumford, and Geo.G. Shumard, by the hands of Aaron Clark, the sum of two hundred dollars, the balance of principal due, on the annexed and foregoing bond made to me or bearer, on the 18th day of July, 1851, by S. F. Clark, G. E. Bumford, George G. Shumard, J. R. Kennedy, and S. D. Mc-Donald, for the sum of four hundred dollars, with interest on the same at the rate of eight per cent. per annum from date, and upon which suit has been instituted upon said bond against the said G. E. Bumford and George G. Shumard, to the August term, 1853, of the Circuit Court of the county of Sebastian, and is still pending in said court. Now therefore, I, William H. Norton, do release, for and in consideration of the sum of two hundred dollars, so paid by the said Aaron Clark as aforesaid, the said G. E. Bumford, and George G. Shumard, from the said sum of two hundred dollars, and do order and direct the clerk of the Circuit Court of Sebastian county to dismiss said suit, and enter this release as a satisfaction upon the record of said court, upon the said Bumford and Shumard, paying all costs of suit herein. Given under my hand and seal, this 19th day of January, 1854.

WM. H. NORTON." [SEAL.]

*Endorsed*—filed in my office, January 19th, 1854.

JOHN CARNALL, *Clerk.*

The foregoing instrument was offered in evidence by the defendants, to sustain the issue upon the plea of release, but the plaintiff, after admitting the due execution thereof, objected in general terms to the introduction of said instrument as evidence, but the court overruled the objection, and permitted it to be read in evidence; and thereupon, found the issue for the defendants, and rendered judgment accordingly.

The plaintiff moved the court for a new trial, which was overruled, and he excepted, and now relies upon his objection to the introduction of the paper purporting to be a release as evidence. Indeed, this is the only question presented or argued by the counsel.

The plaintiff pointed out no specific objection to the evidence at the time it was offered, but giving him the fullest benefit of his objection, and allowing him to show any available grounds of exception, as fully as if pointed out and relied upon at the time when the objection was made, we will proceed to determine whether there is such material variance between the bond declared upon and that released, as contended for. That the release, if a good defence for defendants, Bumford and Shumard, is also, under the issue formed, good for all of the defendants, is a question definitely settled by the repeated decisions of this court. *Frazier vs. State Bank*, 4 *Ark. Rep.* 510, *Ferguson vs. State Bank*, 6 *Eng.* 513. Indeed, the counsel for the plaintiff have not insisted upon a different rule, but they rely upon several discrepancies between the deed of release in the description of debt released, and that declared upon, which they contend, amounts to substantial and fatal variance.

The only ground for variance, that has the semblance of substance, is the second, in which it is insisted, that the instrument described in the deed of release, differs from the bond declared upon, in this; that in the deed of release, it is described as a bond for four hundred dollars, with eight per cent. per *amount*, whilst that sued upon is for eight per cent. per *annum*. These words, when written in haste, and when the letters are imperfectly for-

med, much resemble each other, except perhaps the last letter in *amount;* and when taken in connection with the balance of the sentence, no one can doubt what was intended to be written. The sense of the sentence requires such understanding, but we are not left to inference upon this point, because, in the afterpart of the deed of release, the rate of interest is referred to, and repeated, in connection with a full description and reference to the bond, from the payment of which the defendants were released, and it is there described as a debt for four hundred dollars, with eight per cent. per annum, fully corresponding with the bond sued upon, and it is very evident that this being in the same instrument, and part of it enters into, and forms a part of, the description of the bond. This is the only matter of substance pointed out and insisted upon.

As to the figures and calculations of interest, found upon the back of the bond, they were merely private memorandums, and formed no part of the bond or material endorsement upon it. Concede, as argued, that it was unnecessary to copy the endorsement on the deed of release, and notwithstanding that if copied, it must be done correctly, or the variance will be fatal; still, it does not follow that because those attempted to be copied must be correctly copied, that if one is so copied, every other letter or figure on the bond must also be copied; and that is the ground of objection in this instance. That the instrument was or not in suit, formed no part of the instrument itself.

These are the grounds relied upon to exclude the release from the court as evidence, and we are satisfied none of them are well taken, and scarcely one of them worthy of serious consideration. Let the judgment of the Circuit Court be affirmed.