## McDonald vs. Smith Adm'r.

Where the plaintiff brings an ordinary action of debt by petition, and has a writ of summons issued against the three defendants, and the writ is returned without service on two of the defendants, he cannot afterwards file an affidavit and bond in the same suit, and sue out an attachment against the two defendants who have not been served.

And where, in such case, the two defendants against whom the attachment was issued, pleaded in abatement of the writ and declaration the above irregularities, and were discharged, the effect of this judgment was to quash, not only the writ of attachment, but the entire proceedings. (*Edmondson vs. Carnall*, 17 *Ark.*, 284,) and all the defendants should have been discharged.

*Appeal from Jackson Circuit Court.*

Hon. L. L. Mack Circuit Judge.

Watkins & Rose, for appellant.

The judgment on the plea in abatement of Logan and Bell should have quashed the entire suit, and discharged McDonald as well as the other defendants. *Edmondson vs. Carnal,* 17 *Ark.,* 284; 9 *Ark.,* 159.

If not, the summons clause in the attachment was good, (*Hatheway vs. Jones,* 20 *Ark.,* 111.) And a discontinuance as to Bell and Logan was a discontinuance also as to McDonald. *Frazier vs. State Bank,* 4 *Ark.,* 509, 546; 5 *Ark.,* 140; 6 *Ark.,* 92; 8 *Ark.,* 456; 18 *Ark.,* 361.

Stillwell & Wassell, for appellee.

The suit was pending against all three of the makers of the notes, but service had upon one, and surely the unauthorized act of issuing a writ of attachment against the other two, could not affect the proceeding, valid and regular in all respects, already

pending. The writ was utterly void, and its service upon Bell and Logan did not bring them before the court, and it was so adjudged.

Before the judgment, the suit was discontinued as to Bell and Logan, and it is sought to bring their case within the rule, that where there are several defendants served, the plaintiff cannot discontinue as to one without discontinuing as to all. But it is submitted that this cannot be done. The defendants, Bell and Logan, not having been served with the summons, and the writ of attachment being void, they must be considered as never having been before the court, and no matter how erroneous the ruling of the court may have been as respects the pleas of Bell and Logan, McDonald was not prejudiced and could not be heard to complain in this court. He stood just as if no writ of attachment had been issued.

Mr. Chief Justice WALKER delivered the opinion of the court.

On the 21st day of September, 1865, James S. Smith as the administrator of the estate of Pleasant G. Davenport, filed his petition in debt, in the circuit court clerk's office, of Jackson county, against William M. Bell, Alexander H. Logan and Alvin McDonald, upon which a summons was issued returnable to the October term, 1865, of said court, which as appears, was duly served upon the defendant McDonald, and returned not served upon the other defendants. Afterwards, on the 16th day of November, 1865, without filing an additional declaration, the plaintiff filed his affidavit stating therein that all of the defendants were indebted to him as such administrator in the sum of $5,139.-66, and that defendants, Bell and Logan, were non-residents of the state of Arkansas. Afterwards, on the 27th day of November, 1865, an attachment bond in the usual form was filed in said clerk's office, in favor of Bell and Logan, two of the defendants, reciting in the condition that plaintiff had brought his suit by petition in debt against Bell, Logan and McDonald, and that Bell and Logan had not been served with process, and are non-resi-

dents of the state, and that plaintiff was about to sue out a writ of attachment returnable to the April term, 1866, against Bell and Logan.

It further appears from the record that on the 27th day of November, the day on which the bond was so filed, a writ of attachment was issued from said clerk's office, returnable to the April term of said court, which writ was executed by attaching the property of the defendants, and also by personal service upon Bell and Logan.

At the return term Logan appeared and filed four pleas in abatement, in substance : 1st. That no declaration was filed before the filing of the affidavit for an attachment. 2d. That at the time the declaration was filed, there was no bond filed as required by the statute. 3d. That at the time of suing out the writ of attachment, there was then depending and undetermined, a suit against the defendant upon the same cause of action. 4th. That the writ of attachment was sued out without plaintiffs having filed a declaration. Each of these pleas concluded with a prayer of judgment of the writ and declaration and that they be quashed. Replications were filed to each of these pleas, to which demurrers were sustained, and the plaintiff declining to answer further, judgment was rendered by the court upon the defendant's plea, and that the writ be quashed and the defendant go hence, etc. Bell also filed similar pleas, upon which a like judgment was rendered.

The defendant, McDonald, who had been jointly sued with Bell and Logan, and who had interposed several pleas in bar, moved the court to render final judgment upon the writ and declaration, and that he also might go hence with the other defendants, but the court overruled the motion ; and the proceedings *in rem* having been disposed of, proceeded to discontinue the action as to Bell and Logan, and upon trial rendered final judgment against McDonald, from which he appealed to this court.

It becomes unnecessary to consider, at length, the manifest error in suing out a writ of attachment against part of the defend-

ants in an action commenced by summons, after the return of the original writ, and after service upon one of the defendants, because the several pleas in abatement were held sufficient and judgment was rendered in favor of the defendants, who interposed such pleas. Each of the pleas concluded with a prayer of judgment upon the writ and declaration, and that the same be quashed. And the question is, whether the judgment of the court should not have conformed to the prayer of the pleas, and have quashed both the writ and the declaration, instead of the writ only. That such should have been the judgment of the court has been settled by this court, first, in *Childers vs. Fowler*, 9 *Ark.*, followed by *Edmonson vs. Carnall*, 17 *Ark.*, and still more recently in *Hillman et al. vs. Fowler*, decided at the last December term of the court.

The defendants, Bell and Logan, do not complain of the decision of the court; they were discharged, and the remaining question is as to whether McDonald, who had filed pleas in bar of the action, and was not a party to the writ, nor to the pleas in abatement, but who was a party to the declaration, can avail himself of the defence set up by his co-defendants.

If the prayer of the pleas had only been that the writ be quashed, there would be much reason to hold that McDonald could not avail himself of the benefit of such judgment; because he was in court upon a valid writ, and had pleaded in bar to the action. We may despair of finding any case decided under proceedings like the present, for it is but barely possible that any case like it ever occurred before.

As a general rule, any defence in bar of the action, successfully made by one of several defendants, enures to the benefit of all of them. And in case one of several defendants should demur to the declaration, if it be adjudged insufficient, all of the defendants are discharged from answering it; and by analogy, it would seem that a plea which questions the sufficiency of the writ and declaration, if sustained, would so effectually defeat the action as to release all of the defendants from answering it. In other

words, it defeats the whole action; a declaration quashed, is no declaration, is not demurrable, and all the parties are discharged from answering it.

The counsel for the appellee contend that the writ of attachment was a mere nullity, absolutely void, and that no decision upon it could [affect the liability of McDonald. Although the writ was irregularly issued, and certainly voidable, yet we cannot say that it was absolutely void, The writ was upon its face regular and formal, and was issued upon a proper affidavit. But in order to make the proceeding by attachment valid, the declaration and the bond are both prerequisites to the issuance of the writ, and a lack of either is fatal to the proceeding; yet the proceeding, for lack of any one of these, we have held to be voidable, not absolutely void, as in the case of *Edmonson vs. Carnall*, 17 *Ark.*, 284.

So far as regards the attachment clause of the writ, we must hold it irregular, and perhaps without precedent, but the summons clause in the writ was formal and regular. A writ had been issued, and one only of three defendants had been served with process, the return day had passed, and the plaintiff had a right to an alias summons against the defendants, Bell and Logan. The summons was served upon them and they were required to appear, and thus all three of the defendants were brought before the court. They were required to defend, or judgment by default might have been rendered against them. Because the attachment clause in the writ was irregular, it would not necessarily affect the validity of the summons clause under which the defendants were required to appear. Defendants, Bell and Logan, did appear and defend. Their plea put in issue the legality of the whole proceeding, and asked the judgment of the court upon it, and that the writ and declaration be quashed.

By the judgment rendered the writ was quashed, and the defendants, Bell and Logan, were discharged.

Now if this proceeding *in rem* was a mere " excrescence," as said by the counsel for the appellees, and absolutely void, it was

irregular to render any judgment upon it, and the defendants, Bell and Logan, would not be discharged thereby, but having been served with process and having appeared in court and plead, were parties in court; and when such is the case, a discontinuance as to them, as was subsequently ordered, was a discontinuance of the whole action.   But if, on the other hand, the issues upon the pleas in abatement were properly before the court, and proper subjects for its consideration (as we think they were,) then the judgment should have been in accordance with the prayer of the pleas, have been that both the writ and declaration be quashed.

The only question remaining to be considered is, as to whether, when the writ and declaration were so quashed at the instance of part of the defendants, there was anything remaining for the other defendant to answer.   We think not.   The pleas did not go simply to the personal discharge of two of the defendants, but to the writ and declaration—the foundation.   When these were disposed of, as we have seen they should have been by the judgment of the court, there was no foundation left upon which to base the action.   McDonald had nothing to answer, and should have been discharged.                                  ,

The objection was well taken upon the motion in arrest of judgment, which the court below erred in overruling; and for this error the judgment must be reversed, and the cause remanded that final judgment upon the pleas in abatement may be entered, quashing the writ and declaration and discharging all of the defendants.