## Tackett v. Green, et al.

(Decided February 13, 1920.)

### Appeal from Scott Circuit Court.

1. Banks and Banking—Retention of Inebriate as Cashier—Action by Stockholders—Negligence.—Where the petition in an action by the stockholders against the directors of a bank alleges negligence upon the part of "the defendants" in retaining as cashier

an inebriate and allowing him unusual powers and control over the bank's affairs, held, that the petition charges a joint negligence of the directors as a board and not an individual negligence.

2. Banks and Banking—Negligence—Pleading—Clerical Misprision.—All such allegations of joint negligence being traversed by the answer of some of the directors, a default judgment against one director who did not join in the answer was prematurely entered and a clerical misprision, since the answer of the other directors, if sustained, would defeat recovery against all 'of the defendants.

3. Pleading—When Answer for Benefit of All Defendants.—When an answer by one or more defendants presents a defense which, if sustained, would preclude a recovery by plaintiff, such answer inures to the benefit of the other defendants, and a judgment cannot be rendered against any defendant until the issues raised have been disposed of.

CHURCH FORD, L. W. MORRIS and B. G. WILLIAMS for appellant.

R. M. LEE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In July, 1914, the Peoples Bank of Stamping Ground, Kentucky, having a capitalization of $15,000.00, and found to be insolvent, was taken over for liquidation by the state banking department  In April, 1916, appellees, who were stockholders, instituted this action in equity against the six directors of the bank, appellant being one of the number, and the banking commissioner, for a settlement of the latter's accounts and to recover of the former their losses when ascertained upon a settlement with the banking commissioner, alleged to have been caused by the negligence of the directors. Appellant and four other directors were served with summons and the latter filed an answer in which appellant refused to join, nor did he answer or appear at all. Plaintiffs and the four answering defendants proceeded to take depositions on the issues formed by their answer and an order was entered dismissing the action without prejudice as to the remaining director, upon whom service of summons had not been obtained.

Thereafter, on October 23, 1918, plaintiffs filed an amended petition alleging that since the filing of the action the banking commissioner, who had not answered, had fully disposed of all matters in his hands by converting all assets of the bank into cash and paying same to the depositors on their claims, leaving nothing for the plaintiffs as stockholders  The same day, upon a sub-

mission as to the appellant only, the court entered judgment against him for the full amount claimed by plaintiffs, amounting to approximately $10,000.00, reciting therein: "As to all other defendants and all other matters not hereby determined the court reserves its opinion, and as to these matters this cause is continued."

It is therefore quite clear that this judgment is purely a default judgment and in nowise an adjudication by the court of any matters at issue between plaintiffs and the four answering defendants, and that it cannot be sustained or helped by the evidence taken and filed in the case, upon the issues between plaintiffs and those defendants, which issues the court expressly reserved.

After this judgment had been entered and appellant had been unsuccessful in an effort to enjoin its collection he gave notice and entered a motion to set aside the judgment against him on the ground that it had been prematurely entered and was a clerical misprision. From an order overruling this motion he has prosecuted this appeal. He assigns two reasons why the default judgment against him was premature, the first of which is that the answer filed by his four co-defendants inured to his benefit because, if sustained, it defeated the cause of action stated in the petition against all defendants, including appellant.

If this contention is true the judgment was prematurely entered and a clerical misprision, and appellant has pursued the proper course to have it vacated. Sections 517 to 519 Civil Code. The law which appellant contends is applicable is thus stated in Newman's Pleading and Practice, section 439:

"If any one of the defendants in an action relies upon a plea of infancy, coverture, limitation, *non est factum,* or any other defense merely personal, or which does not go to the whole action, the plaintiff may recover as to some of the defendants while he fails as to others. But if either of the defendants should, in a joint or separate answer, rely upon a defense which goes to the entire merits of the action, such as payment, accord and satisfaction, or other meritorious defense which shows that the plaintiff ought not to recover in the action, a judgment cannot be rendered against any of the defendants until that plea is disposed of; and if that defendant should succeed upon such a plea, the action must be dismissed as to all of the joint defendants."

This statement of the law has been approved by this court in numerous cases, cited in the text, and more recently in LeMoyne v. Anderson, 123 Ky. 587. Appellees concede the rule but deny its applicability here.

We think it is too clear to require discussion that the directors of a bank may be severally or jointly or severally and jointly liable to stockholders for a loss resulting from negligence upon their part, dependent upon varying degrees of fidelity to the trust imposed and upon the character of negligence, whether by them as individuals or as a board, but we are not now concerned with the extent or character of their liability if negligent, since we are only trying to ascertain whether the negligence charged against the directors is a joint or several negligence in order to determine if an answer by part was in effect an answer for all, or if an answer was required by each director. If only negligence is charged against the directors collectively and about matters which only as a board and not individually they were authorized to act, it is manifest that the negligence complained of would be a joint and not a several or individual negligence of the members of the board of directors, which would be put in issue as to all by a denial of any. If, upon the other hand, each or any member of the board is charged with negligence in the discharge of a duty which as a member of the board he was individually bound to perform, then the negligence charged would be individual and must be denied by each so charged.

In order, therefore, to determine whether the answer, in which four of the six directors denied absolutely some, but for themselves only, other allegations of the petition, would, if sustained, defeat the cause of action not only as against them, but as well against all of the directors, we must first examine the petition to ascertain whether it charged negligence against the directors individually or only as a board. So much of the petition as is pertinent is as follows:

"By the provisions of the charter of said bank said board of directors was given the power and it was made their duty to appoint, elect or employ a cashier and such assistants or clerks as they deem necessary for the transaction of the business of the bank and it is further provided by the terms of said charter that said board of directors shall have the sole right to determine upon all

loans or discounts from said bank and have full power and control over all the officers and business of said bank. . . .

"Plaintiffs say that T. L. Southworth was employed as cashier of said bank by its board of directors at the time it was organized and the defendant directors continued to employ and retain him from year to year from that time on till said bank was closed by the state banking commissioner as above stated, and (they turned over to said Southworth, cashier, the entire management, control and operation of said bank as completely as though it were his own private business).

"They further state that for a period of several years immediately preceding the closing of said bank the said Southworth, cashier, was an inebriate and habitually stayed drunk or under the influence of intoxicating liquor in said bank during business hours and habitually kept whiskey in large quantities in said bank and indulged in drinking same therein during business hours, all of which facts were known by the defendants, directors and officers of said bank and was approved of and participated in by some of the directors or officers of said bank; that the said T. L. Southworth was a member of the business firm of Triplett & Southworth for several years before the closing of said bank and was permitted by the defendants to use the funds of the bank to carry on said business as though it were the money of said business firm; that the defendants permitted said cashier to advance money to his said firm of Triplett & Southworth, when same was wholly insolvent and which sum was a total loss to the bank and is shown by a large overdraft account carried by said bank with said firm of Triplett & Southworth by said cashier, that for several years next preceding the closing of said bank the said cashier was squandering the money of said bank while the defendants, with gross carelessness and negligence and total inattention to the affairs of the bank permitted him to continue in this course until he had squandered and wasted practically all of the capital and surplus of said bank, during all of which time the defendants retained said cashier and surrendered to him the full control and management of said bank and all of its affairs, permitting him to use the money, make loans and discounts and to pass upon all notes presented and to make loans of the bank's money upon notes which were wholly worth-

less and they made no effort to protect the property of said bank against the looting of said cashier and used no diligence whatever to discover or prevent the frauds being perpetrated by said cashier which eventually wrecked said bank. All of the above facts were known to, the defendants, officers and directors of said bank while these wrongs were being perpetrated.''

It should be noticed, and is significant, we think, that in the first paragraph quoted is plaintiffs' statement of defendants' duties as directors, which in later paragraphs they are alleged to have neglected to perform. These duties, the only ones alleged, of employing the cashier and managing the affairs of the bank, are certainly duties of the board which defendants could perform only collectively as a board and not individually, although many duties assumed by each director individually might have been alleged as a basis for individual liability had such been the purpose of the action.

The first negligence alleged, after setting out these powers and duties of the defendants as a board of directors to employ a cashier and to determine all loans or discounts, and to have full power and control over the officers of the bank, is, that knowing Southworth to be an inebriate, the defendants continued to employ and retain him from year to year, and turned over to him, as cashier, the entire management and control and operation of the bank as completely as though it were his own private business. Not only is there thus far no allegation of individual negligence upon the part of appellant, there is not anything alleged to have been done or left undone about which he alone, or except in conjunction with the other members of the board of directors, could have been negligent, since it is not alleged he had or withheld from the other directors any information not possessed by all. Besides, the answer denied that Southworth was an inebriate, or that he was given unlimited or unusual power over loans and discounts, or that the bank was turned over to his entire management, control, or operation, or to a greater extent than is customary and necessary. Surely then so far there is no allegation of an individual or separate negligence upon the part of appellant.

It is then alleged that Southworth habitually kept whiskey in the bank and indulged in drinking same therein during business hours with the knowledge of defendants and with the approval and participation of

some of the directors, but the answer denies that South-
worth kept or drank whiskey in the bank with the knowl-
edge of "the defendants," which included appellant as
well as the answering defendants.

The next allegation is that the defendants permitted
Southworth to advance money to the firm of Triplett &
Southworth when same was insolvent. The answer denies
that any advances were made to this firm when it was
insolvent, and it is affirmatively pleaded that when the
loans were made to it it was "considered perfectly
solvent and had a well established credit not only in
Stamping Ground and the surrounding counties, but also
with the business firms from whom they purchased their
goods." It is further denied that this firm had any over-
draft, or that the loss on loans made to it was total or in
excess of thirty-three and one-third per cent.

It will thus be seen that every act of the defendants
thus far alleged as negligent is a charge against the
board and is specifically put in issue by the answering
members of the board of directors, and that if the an-
swer should be sustained by the proof there was no negli-
gence by any of the directors.

The next and last charge is that for several years be-
fore the bank was closed the cashier was squandering
money of the bank "while the defendants with gross
carelessness and negligence, and total inattention to the
affairs of the bank, permitted him to continue in this
course until he had squandered" all of its capital stock
and surplus, "during all of which time defendants re-
tained said cashier and surrendered to him full control
and management of said bank and all of its affairs and
permitted him" to make worthless loans and loot the
bank with no effort to protect the bank and without effort
to discover or prevent the frauds being perpetrated by
the cashier which eventually wrecked the bank, all of
which facts were known to the defendants while the
wrongs were being perpetrated.

This is the only part of the petition which even ap-
proaches a charge of negligence against the directors
severally as well as collectively or as a board, and even
this is, we think, insufficient for that purpose in view of
the denials and allegations of the answer of the four di-
rectors, a majority of the board responsible jointly with
appellant for Southworth's retention as a cashier and for

whatever authority and control he was given over the bank's affairs.

As heretofore noticed, it was denied that Southworth was given unreasonable or unusual control of the bank, which denial carries with it the necessary inference that the board of directors retained and exercised a proper control and supervision, and not only do the answering defendants, a majority of the board, deny want of care upon their part, but they deny that they, or any of them, had knowledge of any wrongful acts of the cashier, and in addition plead affirmatively that no care or examination on the part of "the defendants," which included appellant, could or did disclose the fact that the cashier had committed thefts or defalcations.

The petition, as we read it as a whole, bases the liability of the directors to the stockholders for their losses upon the negligence of the directors as a board in retaining Southworth as cashier after he became unfit for the position, and in granting to him too large a control and management of the institution, as a result of which negligence by the board he was enabled to and did wreck the bank. There is certainly no specific individual negligence alleged against appellant or any of the directors. The majority of the board answered denying every fact alleged as negligence, and denied for themselves that they had knowledge of any of the facts alleged with reference to the cashier's unfitness, or that any diligence upon their part would have given them such information. It is true that the petition alleges such knowledge by the defendants, and might possibly be construed to mean by each of them individually, but it is not clearly so alleged, and it is equally susceptible of the construction that the board of directors rather than each member thereof had such knowledge, and negligently failed to act thereon.

Reading the petition and the answer together we think the more reasonable construction of the two is that the petition charged negligence against the board as such rather than against each or any member thereof as an individual, and that the answer put in issue every material fact alleged in the petition so effectively as, if sustained, to defeat not only recovery against the answering defendants, but all of them.

Wherefore the judgment is reversed and the cause remanded for proceedings consistent herewith.