## Foster v. Miller et al.

(Decided Oct. 26, 1934.)

JOHN H. GILLIAM for appellant.

W. A. MOORE and E. N. MAYHUGH for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In February, 1927, the appellant, Mary C. Foster, and her husband, J. W. Foster, executed their joint promissory note to Lydia Sanders in the sum of $750, with interest from the date of the note until paid. Lydia Sanders later dying, the appellee, W. A. Moore, was appointed executor of her estate. He brought suit upon the note, and recovered judgment against J. W. Foster. The suit was dismissed as to the appellant, Mary C. Foster, because of the interposition by her of the defense that she was only surety for her husband on the note, and hence was not liable.. See Kentucky Statutes, 1930 Edition, sec. 2127. Execution issued upon the judgment against J. W. Foster and was levied upon a tract of land which had been conveyed to J. W. Foster by deed from the master commissioner of the Butler circuit court in May, 1924; the deed being recorded on July 4, 1924.

In 1928, J. W. Foster became obligated on a note to Jim Miller in the sum of $300. This obligation was later reduced to judgment, and an execution was issued upon that judgment and also levied on the land hereinbefore referred to. The sheriff being about to sell the property under these executions, Mary C. Foster intervened, claiming that the land in question belonged to her and not her husband, and hence was not subject to the executions in question. The proof developed these facts: J. W. Foster, at the time the deed to the land in question was made to him in 1924, borrowed from the John M. Carson Banking Company the money wherewith to pay for the land. At the time he borrowed this money, he told the bank that his wife would shortly come into possession of certain funds which she had inherited

from the estate of her father, and that she would use that money to pay this note. Mrs. Foster later did pay off this note with her inheritance. Both Mrs. Foster and her husband testify that the master commissioner was directed to make the deed to the property in question to Mrs. Foster, as it was in truth her money that would ultimately pay for it, but that the master commissioner made a mistake in executing the deed to Mr. Foster as he did. They both testify that Mrs. Foster discovered about a year after the deed was made that title had been put in her husband instead of herself, and that she called her husband's attention to it, and that he promised to make the correction, but that nothing was ever done about it. The evidence further discloses that Mr. Foster after the deed to the land in question had been made to him was to all outward appearances the owner of it. He managed it and took care of it as though he were the owner, and he was reputed in the neighborhood to be the owner. It is in evidence that the two creditors who have reduced their claims to judgment as hereinbefore stated in part extended credit to Mr. Foster because they thought he owned this land. They knew nothing of Mrs. Foster's claim. The lower court held that as between Mrs. Foster and the two judgment creditors here involved, they should prevail over her. It decreed that the property be sold, the two executions satisfied, and any residue be paid to Mrs. Foster. She has appealed.

The case of Miller v. McLin et al., 147 Ky. 248, 143 S. W. 1008, 1009, is conclusive of the questions here involved. In holding in a situation like that in the case at bar that the wife could not prevail against creditors who extended credit to her husband on the faith that he was the owner of the property standing in his name, and without notice of the fact that the wife had furnished the money wherewith to pay for it, the husband agreeing to put the title in her name but not doing so, the court said:

"But this statute [K. S. 2353] cannot be invoked to aid Mrs. Miller in defeating the creditors of her husband, whose debts were in good faith contracted after the conveyances were made to him, without notice of the fact that she furnished the money or that it was agreed the deed should be made to her. This statute is only intended to assist persons pay-

ing the consideration to reclaim property while it is in the possession of the person who took the deed to himself in violation of the trust, without the consent of the person paying the consideration, or, while it is held by a volunteer or a purchaser with notice of the trust, it does not apply when the rights of creditors or purchasers in good faith and without notice have intervened."

In the same case, it is also said:

"When the wife gives her money to her husband, and he invests it in land, taking the title to himself, although it may have been agreed between them that the title should be taken to her, her claim will be subordinated to that of the creditors of the husband who are attempting to subject the land to the payment of debts created while the title was in the husband and without knowledge of the equity of the wife."

See, also, Masters v. Masters, 222 Ky. 427, 300 S. W. 894; Foushee v. Foushee et al., 163 Ky. 524, 173 S. W. 1115. As the debts of Foster here in question, and upon which after being reduced to judgment the executions herein issued were created after Foster took title to himself to the land in question, the creditors not having any notice or knowledge of his wife's latent equity, it follows from what has been said that she must be postponed to the claim of such creditors. The lower court so adjudging, its judgment is affirmed.