## Roberts v. Farley.

May 1, 1942.

V. R. Bentley for appellant.

Walter Reynolds for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment declaring the appellee, Mrs. J. G. Farley, to be the owner of an automobile and denying the appellant, Alex Roberts, the right to have it sold under the levy of an execution issued on a judgment against her husband.

Appellant had secured judgment against Farley in 1929, the balance due at the time in controversy being in excess of the value of the car levied on. Mrs. Farley was the owner of an automobile, licensed in her name, and in December, 1940, a trade was made with the Scott Automobile Agency for the purchase of a new Dodge. Farley was engaged in the insurance business and Mrs. Farley also wrote insurance and earned commissions by so doing. She had money of her own which she had received from insurance on her former husband's life and from her father's estate.

The Farleys agreed to purchase the new car from the Scotts and the latter agreed to take life insurance with Farley, the premiums on this insurance aggregating about $500, but there was no agreement that the premiums were to be credited against the cash balance owing for the new car. Mrs. Farley's car was taken in on the deal at $505, leaving a balance of $666.50 due on the new car. Both Mr. and Mrs. Farley talked to the Scotts

about the trade but Mrs. Farley made the selection of the new car.

On December 3, 1940, bill of sale for the new car was made by Scott to Farley. It clearly appears that Mrs. Farley never consented to this. Farley says he did not know the bill of sale was made out to him. Scotts' bookkeeper, who was a new man in the firm, says that he made out the bill of sale and assumed that it should be made that way. Farley took the bill of sale and procured license but says he did not know that the license was issued in his name. Later, however, he had the insurance transferred from the old car to the new one and he then found out the car was licensed in his name. After finding this out he permitted the insurance to be transferred to him rather than going to the trouble of having the license changed to Mrs. Farley's name.

Mrs. Farley later executed a bill of sale for her old car to Scott. She raised the question at the time about the new car not being in her name and said she did not like to sign away her old car in these circumstances.

On February 13 execution issued on the judgment against Farley and was levied on the new car. On February 17 Farley executed a bill of sale to Scott. Scott then issued a new bill of sale to Mrs. Farley, who then paid the balance of $666.50 due Scott on the new car, and Mrs. Farley then procured license in her name.

By a method of procedure not questioned or objected to by appellant, Mrs. Farley obtained possession of the car and the issue in the action resolved itself into one between Mrs. Farley and appellant as to Mrs. Farley's ownership of the car. The chancellor determined this issue in favor of Mrs. Farley and it is the correctness of this ruling we are called on to determine.

Appellant argues that a gift, transfer or assignment of personal property from a husband to a wife is not valid unless in writing and acknowledged and recorded as a chattel mortgage is required to be. This may be conceded to be correct but it has little, if anything, to do with the case. The only real question presented on the trial was as to the true ownership of the car. If Mrs. Farley was the real owner, then the car was not subject to the levy of the execution against her husband unless she was estopped from asserting ownership by permitting the car to remain licensed in her husband's name after she discovered the true state of the title.

There can be little doubt as to the correctness of the chancellor's finding that Mrs. Farley was the real owner. All of the consideration was paid by her. Her old car was traded in on the new one and she paid the cash balance due. We do not think the evidence discloses any intention on Mrs. Farley's part to make a gift of the old car or the new one to her husband. It rather clearly appears that she did not know the bill of sale was made to her husband and that he did not know this fact until the insurance was transferred. Clearly, as between Mr. and Mrs. Farley, she was the real owner of the car. The question then remains whether the conduct of Mrs. Farley in permitting the car to remain licensed in her husband's name, after she discovered it was so licensed, prevented her from asserting her ownership as against appellant's execution lien. Appellant relies on Foster v. Miller, 256 Ky. 48, 75 S. W. (2d) 534, which held that where a husband took title to land paid for with his wife's money, without her knowledge, and she later discovered this and permitted title to remain in her husband, she could not assert her ownership as against creditors levying executions on the land without knowledge of her latent equity. Examination of that case reveals that the creditors levying the executions extended credit to the husband because they thought he owned the land—their debts were created after title was taken in the husband's name. But such was not the case here. Farley's debt to appellant was created long before the car was licensed in Farley's name. Appellant extended no credit to Farley on the strength of his belief that Farley was the owner of the car. The rule announced in Foster v. Miller, supra, has no application here.

In the case before us Mrs. Farley paid the entire purchase price of the car. The bill of sale was made to her husband and the car licensed in his name without her knowledge. This constituted him a trustee of the car for her benefit. True, Mrs. Farley later discovered the car was in her husband's name and permitted it so to remain until the execution was levied but appellant extended no credit on the faith of the existing title and suffered no adverse change of position by reason thereof. In these circumstances Mrs. Farley was not estopped to assert her ownership. The chancellor correctly so adjudged.

Judgment affirmed.