## Gabbard et al. v. Gabbard et al.

June 4, 1943.

A. T. W. Manning for appellant.

William Lewis & Son for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellants, Lewis Gabbard, Sarah Liz Lakes, William Gabbard and Thelma Williams, who will be referred to as plaintiffs, filed this action against their father, Wiley Gabbard, his wife, Laura, N. W. Baker and James M. Wolfenbarger, to have the court adjudge that their father held in trust for their use and benefit 60 acres of land their grandparents conveyed him in 1907. Also, they sought to have cancelled a coal lease which Wiley and his present wife, Laura, executed to Baker and W. F. Morris and to recover $750 damages from Baker and Wolfenbarger, the latter being Morris' assignee, for wrongfully mining coal from the land.

Baker and Wolfenbarger filed general demurrers to the petition, which were sustained by the court. Plaintiffs declined to plead further, their petition was dismissed as to the demurring defendants, and they appeal.

Plaintiffs are children of Wiley Gabbard and his first wife, Rosa Powell Gabbard, who has been dead for more than 30 years. On July 17, 1912, Wiley married Laura, his present wife. The petition avers that L. B. Martin and wife by deed of date Sept. 2, 1905, conveyed to Wiley and Rosa Gabbard a tract of land in Jackson County (the number of acres not shown) in consideration of $300. The deed recites $200 was paid by Rosa's father, W. A. Powell, which was to be charged to her as an advancement from his estate, but both the deed and the petition were silent as to who paid the other $100 of the consideration. It is further averred that on June 3, 1907, W. A .Powell and wife conveyed to Wiley 60 acres in Jackson County for the recited consideration of $350 cash; that in reality the consideration was a conveyance by Wiley and Rosa to Powell of the land conveyed them

by Martin. Plaintiffs alleged this 60 acres was conveyed their father, Wiley, with the understanding that he would hold the legal title to the land in trust for the benefit of his wife and children, the plaintiffs, and that Wiley agreed when he accepted the deed to hold the title as trustee for his wife and children, and at all times since the conveyance he has recognized that he has so held the land. The petition further avers that Rosa died intestate and that Wiley inherited from her a life estate in the land.

The petition further alleges that on Feb. 10, 1938, Wiley and his second wife, Laura, wrongfully leased the coal in this land to N. W. Baker and W. F. Morris for 25 years in consideration of certain royalties, which it is not necessary to detail; that Morris assigned his interest in the lease to James M. Wolfenbarger, who was named a defendant along with Baker and Wiley and his wife. The deed from Powell to Wiley is filed as an exhibit with the petition and shows it was recorded on Nov. 25, 1918; likewise, the coal lease is filed as an exhibit with the petition. There is no allegation in the petition that Baker, Morris or Wolfenbarger before, or at the time, they acquired the lease had notice of the alleged parol trust or that plaintiffs had any interest in this land or were making any claim thereto.

Plaintiffs insist that the court erred in sustaining the general demurrers filed by the lessees of the coal rights because limitations do not run against a trust; also, that limitations cannot be raised by demurrer. It is true that limitations do not run against a continuing trust, KRS 413.340; Martin v. Martin, 186 Ky. 782, 217 S. W. 1026; Shepherd v. Miller, 242 Ky. 250, 46 S. W. (2d) 78. Likewise, it is true that limitations must be pleaded and cannot as a general rule be raised by demurrer. Graziani v. Ernst, 169 Ky. 751, 185 S. W. 99; River Excursion Co. v. City of Louisville, 244 Ky. 811, 51 S. W. (2d) 470.

Defendants argue that the court properly sustained the general demurrers on the ground that the deed from Powell to Wiley, which was filed with the petition as an exhibit, being an absolute deed on its face contradicted the averments of the petition that the grantee agreed upon the execution of this deed he would hold the property in trust for his wife and children, therefore, the exhibit must control over the averments of the petition.

They cite such cases as Lewis v. Dark Tobacco Growers' Co-op. Ass'n, 247 Ky. 301, 57 S. W. (2d) 8; Vandiver v. B. B. Wilson & Co., 244 Ky. 601, 51 S. W. (2d) 899, to the effect that when an exhibit upon which an action is based contradicts the petition, the exhibit must control on demurrer. Obviously, that rule has no application in the instant case where the exhibit is directly attacked and the petition averred it did not contain the true agreement between the parties; otherwise, an agreement could never be reformed, set aside or cancelled.

It is evident the chancellor did not bottom his decision sustaining the lessee's demurrers to the petition on either of the grounds advanced by counsel for plaintiffs or defendants. Upon reading the petition it is seen there are averments of a parol agreement made by Wiley contemporaneously with his acceptance of the conveyance which constitutes a resulting trust so far as concerns plaintiffs and the petition states a cause of action against him. Moore v. Terry, 293 Ky. 727, 170 S. W. (2d) 29. But the petition contains no averments that either of the lessees Baker or Morris, or the latter's assignee, Wolfenbarger, had information, knowledge or notice at the time they obtained the coal lease that Wiley held this land as trustee, or that plaintiffs, or any of them, had any right, title or interest in the land. As Wiley has held the fee simple title of record since 1918, and as the lessees for a valuable consideration obtained a duly executed lease from him and his wife in 1938, it was incumbent upon plaintiffs in stating a cause of action against the lessees to aver that they were not bona fide purchasers for value without notice, which the petition did not do; therefore, it did not state a cause of action against the owners of the coal lease. A parol trust cannot be invoked to defeat the title of a bona fide purchaser for value without notice. Miller v. McLin, 147 Ky. 248, 143 S. W. 1008; Foster v. Miller, 256 Ky. 48, 75 S. W. (2d) 534.

Defendants argue that the demurrer filed by Baker was never sustained and that the chancellor only sustained the demurrer filed by Wolfenbarger, therefore, the appeal should be dismissed as to Baker. The judgment recites that the demurrers filed by both Baker and Wolfenbarger were sustained and that the petition was dismissed as to them. We can only consider the case on the facts shown in the record. However, had the

chancellor not ruled upon the demurrer of Baker, or had Baker not filed a demurrer, yet the demurrer filed by Wolfenbarger and the resulting judgment sustaining it would inure to the benefit of Baker. Where joint defendants rely upon a defense which goes to the entire merits of the action and either files a successful pleading, it will inure to the benefit of the other and the judgment should dismiss the petition as to both. Newman's Pleading and Practice and Forms, sec. 439, p. 575; Tackett v. Green, 187 Ky. 49, 218 S. W. 468; Welch v. Mann's Ex'r, 261 Ky. 470, 88 S. W. (2d) 1.

The judgment is affirmed.