## Rucker et al. v. Baker et ux.

Feb. 1, 1944.

Stanley Powell and C. F. Spencer for appellants.

William Lewis & Son for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Parties appellee are Baker and wife; appellants, Rucker and Dowden. In 1938 Baker leased to Rucker, Benge and Ewing two lots under terms not necessary to recite. In December 1939 Baker filed suit in magistrate's court for rent to the amount of $84. Rucker, Ewing, and Benge and Dowden, who had bought an interest, were defendants. Baker asked for and the magistrate issued attachment. Defendants denying the indebtedness, by counterclaim, sought $300 damages of Baker for the wrongful detention of the premises,. and moved to transfer the case to the circuit court on the grounds of lack of jurisdiction. Later the four defendants filed in circuit court petition in equity against Baker, setting up the situation in the magistrate's court, and sought mandatory order directing the magistrate to transfer the case.

In March 1941 Baker amended his original petition, seeking $124 .additional rentals and setting out more fully his claim for damages, still including Rucker and

Dowden as defendants. To this pleading defendants answered, denying and alleging that Dowden owned an interest in the lease and is a necessary party, and asking that the names of Benge and Ewing be stricken, since they had sold their interest.

The counterclaim was based on the charge that Baker had violated the terms of the contract causing delay in the construction of the garage (provided in contract) seeking damages of $300. They again moved the court to require a transfer of the case, and amended their counterclaim, asking immediate possession of the property, which had been held under the attachment. Baker demurred and replied, denying all allegations of the answer. The court overruled the demurrer, but later discharged the attachment.

In June 1942 the case was called for trial and the court sustained Baker's motion to take the allegations of the petition confessed as against Rucker and Dowden, apparently on the following state of the record. The answer to amended petition is captioned: "N. W. Baker and Cora Baker v. Estill Rucker, Mike Dowden and Benge;" the preamble stated that Ewing and Benge had sold their interests to Rucker and Dowden," and they having no interest pray that their names be stricken as parties hereto." The "defendants" denied the allegations of the second paragraph of the amended petition (damages for failure to comply with contract) and plead interference with their leasehold as a defense to plaintiff's claim for damages.

We gather from briefs and record that the court was of the opinion that the body of the answer and plea in avoidance did not contain the names of Dowden or Rucker against whom the petition was taken confessed, since on the same day Rucker and Dowden moved the court to be allowed to amend by inserting the names of Ewing, Benge, Dowden and Rucker in the second paragraph of the answer, and to continue the case, and in affidavit pointed out that Ewing was an important witness, absent from the State. The motion for continuance was overruled, the order stating that since Benge and Ewing had sold their interests to Dowden and Rucker, they were in no position to make a motion, and since the allegations of the petition had been taken as confessed against Rucker, he has no authority to file affidavit for continuance.

The court then entered judgment on the pro confesso ruling against Dowden and Rucker for $199 with interest from March 26, 1941, without "prejudice to Ewing and Benge," with proper objection and exception by Dowden and Rucker. The defendants moved the court to set aside the judgment on the grounds that the submission was a clerical misprision, and defendants had filed their answer and plea in avoidance, and the court erred in overruling motion to amend answer by insertion of names of Rucker and Dowden, and "even though the answer and plea in avoidance had been on behalf of defendants Benge and Ewing only" it inured to the benefit of Dowden. The court overruled the motion, Dowden and Rucker excepting. Later in the same term the above motions were renewed with the addition of a motion to set aside the order and judgment on the grounds stated, and that the judgment was purposely fixed at $199 so as to preclude motion for appeal. This motion was sustained and the court entered an order giving judgment against Dowden and Rucker for $208, the amount claimed as rentals, and Dowden and Rucker are here on motion for appeal.

It is difficult for us to see just how the court concluded that appellees were entitled to a judgment pro confesso. In the first place the court did not exercise a sound discretion in entering the order, or in denying a continuance. Secondly, as we view the pleadings it was hardly necessary to amend the answer by the insertion of the names of the defendants in the body of the answer. They were not only identified by the caption, but had been parties to and in all the pleadings from the beginning of the controversy in the magistrate's court.

Without deciding the question, it may develop that the two who had moved to have their names stricken from the defense pleadings were and are liable on the contract. This is an open question, and if it be true, or if it not be true, the answer of Benge and Ewing, if they were the only respondents and had set up a proper defense, inured to the benefit of those who had been (and were) parties throughout the whole proceeding. The rule is that an answer filed by one defendant which may be or become common to all, and which goes to the right of the plaintiff to recover, precludes recovery against a codefendant until the issues have been disposed of by the court. Tackett v. Green, 187 Ky. 49, 218 S. W. 468, Welch v. Mann's Ex'r, 261 Ky. 470, 88 S. W. (2d) 1.

The motion for appeal is sustained: judgment reversed with directions to set aside the pro confesso order and judgment, and for proceedings consistent with this opinion.