**BRYANT'S ADM'R**

v.

**BRYANT.**

Court of Appeals of Kentucky.

March 26, 1954.

As Extended on Denial of Rehearing
June 18, 1954.

Garland R. Hubbard, Louisville, for appellant.

Richard B. Crawford and Louis H. Jull, Louisville, for appellee.

DUNCAN, Justice.

This is an action by the administrator of the estate of Christopher H. Bryant to recover assets alleged to have been converted by his widow, Monie Belle Bryant. The ownership of two grocery stores, referred to in the record and this opinion as Hy-Grade Market, 1000 West Market Street, and Seventh Street Store, 1145 South Seventh, is involved. The Chancellor adjudged title in the widow to the Hy-Grade Market by gift inter vivos and title in the administrator to the Seventh Street Store. The parties have appealed and cross-appealed.

Christopher H. Bryant married the appellee, Monie Belle Bryant, some twenty-three years prior to his death. It was the second marriage for each, and no children were born as a result of the union although they each had children by a previous marriage. At the time of the marriage, Mr. Bryant was employed by the Louisville Railway Company and Mrs. Bryant by the American Tobacco Company. They continued their respective employments until February 1946, at which time the Hy-Grade Market

was purchased for $9,000. Mrs. Bryant quit her job at that time and began operation of the store. Mr. Bryant resigned his position on May 1, 1946, and thereafter he and his wife both devoted their time to the operation of the business. Mrs. Bryant paid $3,000 of the purchase money by a sale of her automobile and the conversion of some Government bonds, and the balance was procured through a joint loan secured by a mortgage on their home which they owned as tenants by the entirety. There is some conflict in the testimony as to whether the operation of the business was originally commenced as a partnership or a sole proprietorship of Mr. Bryant. In view of our conclusion that there was a valid inter vivos gift to Mrs. Bryant of whatever interest the decedent owned, we do not think the question of initial ownership is material.

On December 31, 1948, less than three months before Mr. Bryant's death, the Seventh Street Store was purchased for $3,000, and about $1,000 worth of stock was added to its inventory. The purchase price was again obtained by a joint loan secured by mortgage on their home. After this store was purchased, Mr. Bryant devoted most of his time to its operation and Mrs. Bryant continued to operate the Hy-Grade Market. Mrs. Bryant contends that she is the owner of a half interest in this store and insists on her cross-appeal that the judgment is erroneous in failing to so adjudge. To avoid confusion, we shall discuss separately the evidence and our conclusions thereon with reference to the ownership of each store.

On April 8, 1946, Mrs. Bryant filed in the office of the clerk of the Jefferson County Court a declaration of ownership, listing herself as the owner of the Hy-Grade Market. A duplicate copy of the declaration was retained and kept in the safe at the store. This declaration, or a copy, was exhibited to Mr. and Mrs. Homer Drury by Mr. Bryant, who stated that he had "made the grocery over to Monie." Four other witnesses, two of whom are not related to the parties and have no interest in the controversy, testified to similar statements which were made by decedent on other oc-

casions. As further evidence of Mrs. Bryant's ownership of the Hy-Grade Market, Mr. J. W. Kigel, an employee of the Liberty National Bank and Trust Company, testified that on August 19, 1946, he called on Mr. Bryant to solicit the store's bank account. At that time, Mr. Bryant informed the witness that the store belonged to Mrs. Bryant. Following Kigel's visit, Mrs. Bryant called at the bank and opened an account in the name of Hy-Grade Market, listing herself as the sole owner. At the same time, a signature card was filed with the bank signed by both Mr. and Mrs. Bryant as the persons authorized to sign checks on the account.

As opposed to this testimony, it is shown that the original bill of sale executed at the time of the purchase named C. H. Bryant as the purchaser. The lease on the business premises and the tax assessments were in in his name. It was also shown that on one occasion Mr. Bryant had filed a financial statement with Liberty National Bank and Trust Company, listing himself as proprietor of Hy-Grade Market.

■ A valid gift inter vivos must include: (1) a donor competent to make the gift; (2) a donee capable of taking it; (3) an intention on the part of the donor to absolutely and irrevocably divest himself of title, dominion, and control of the subject matter of the gift in praesentia; (4) the irrevocable transfer of legal title and dominion to the donee; and (5) delivery by donor to donee and an acceptance by the latter of the gift. Gernert v. Liberty National Bank & Trust Co. of Louisville, 284 Ky. 575, 145 S.W.2d 522.

■ It is generally stated that evidence of a gift must be clear and convincing, particularly where the claim is first asserted after the donor's death. Hays' Adm'rs v. Patrick, 266 Ky. 713, 99 S.W.2d 805. We have no trouble in concluding that the evidence here is sufficiently clear and convincing to establish the first four requisites. The difficult question is whether or not there was sufficient delivery of possession to complete the gift.

■ It is generally held that an actual delivery is necessary for the consummation of a gift, either inter vivos or causa mortis, when the subject of the gift is capable of manual delivery; otherwise, there must be such delivery as the nature and situation of the thing sought to be given reasonably permits. In cases where manual delivery of the subject is impracticable or impossible, it is sufficient for the donor to clearly designate the property and relinquish possession thereof to the donee. In Morgan v. Williams, 179 Ky. 428, 200 S.W. 650, 652, the gift of an automobile was involved. There, the car was kept in the donor's garage and registered and assessed for taxes in her name. The donor paid all expenses in connection with its operation and before her death had authorized an agent to sell the car. In commenting on the sufficiency of the delivery under these circumstances, this Court said:

"To be effectual, delivery must be according to the nature and character of the thing given, and where the donee lives with the donor and the gift of the automobile, as well as the right to use and control it without the permission of the donor, is clearly shown, the mere fact that the donor keeps the machine in her garage, or wishes to supplement her kindness by paying all expenses incident to the operation of the machine, cannot be regarded as the retention of such dominion over the machine as to render the gift ineffectual."

■ In this case, Mrs. Bryant was placed in possession of the Hy-Grade Market and retained possession until her husband's death. Mr. Bryant designated the subject of the gift by exhibiting the statement of ownership in which his wife was listed as sole owner. The fact that he continued to work in the store and assist in its operation is not necessarily inconsistent with Mrs. Bryant's possession. We think the delivery here was sufficient to complete the gift and the Chancellor properly adjudged title in Mrs. Bryant to the Hy-Grade Market.

Turning to the evidence concerning the Seventh Street Store, we are not impressed

with Mrs. Bryant's claim of joint owner-ship. Her position is considerably weak-ened by the inconsistent positions which she has taken with respect to this property.

On June 17, 1949, Mrs. Bryant filed her affidavit in the Jefferson County Court in support of her application to dispense with administration of her husband's estate. This affidavit averred that Mr. Bryant left no estate to be administered except one savings bond of the face value of $25 and a checking account of $558.81 on deposit with Kentucky Trust Company. On the same date, an order was entered dispensing with administration in accordance with the prayer of her application, and the checking account and bond were set apart to Mrs. Bryant as her widow's exemption.

Soon thereafter, Frank E. Bryant and Eugene Bryant, decedent's two sons, complained of this procedure, and Mrs. Bryant then tried to obtain a release and discharge from the sons. She was unsuccessful in this attempt, and after she had been informed that one of the sons would apply for administration, she again appeared before the Jefferson County Court and filed an application for appointment as administratrix, stating under oath that the decedent owned the Seventh Street Store. She was appointed as such administratrix but was later removed upon application of one of the sons. Her present claim of a half owner-ship in the Seventh Street Store amounts to an abandonment of the two affidavits previously filed.

Before administration was commenced upon the estate, and at a time while Mrs. Bryant insisted that she was the sole owner of the Seventh Street Store, she negotiated a sale of this property to Frank E. Bryant, one of the sons, for $4,000, $200 of which was paid in cash and the remaining sum to be paid at the rate of $40 per month. No bill of sale was executed to Frank E. Bryant, but he was placed in possession of the store and continued to operate it until some-time after the appointment of the present administrator. When it became apparent that there was a controversy concerning the ownership of the store and Mrs. Bryant's right to sell it was questioned, Frank E. Bryant insisted on a bill of sale or some valid evidence of ownership. The administrator, deeming the sale for the best interest of the estate, offered to join with Mrs. Bryant in a bill of sale without prejudice to the rights of either to litigate the question of the ownership of the proceeds of the sale. Mrs. Bryant refused to cooperate in this proposal, and Frank E. Bryant finally gave up the store and delivered the keys to his attorney. Thereupon, by agreement of parties, the store fixtures and perishables on hand were sold for $871.40.

The only evidence relied upon by Mrs. Bryant as establishing her ownership to a half interest in the Seventh Street Store is the fact that it was purchased with funds obtained upon a joint loan secured by a mortgage on jointly-owned property. It is well settled in this state that a person does not acquire an interest in property solely because the property in question was purchased with funds belonging wholly or in part to such person. Coupled with this fact, there must be some evidence of fraud or violation of an agreement or understanding. The common law resulting trust in real estate has been abrogated, with some exceptions, by statute. KRS 381.170. Kitchen v. Fischer, 293 Ky. 787, 170 S.W.2d 592. The same rule has been impliedly extended to personal property. Roberts v. Farley, 290 Ky. 516, 161 S.W.2d 930.

We are in full accord with the finding of the Chancellor that the Seventh Street Store was the sole property of Mr. Bryant.

The Chancellor rendered judgment against Mrs. Bryant for $4,000, on account of her conversion of the Seventh Street Store, less credit for the amounts received from a sale of the fixtures and perishables and certain payments made by Frank E. Bryant to the administrator. Mrs. Bryant complains that the amount of the judgment is entirely out of proportion to the value of the store at the time of its conversion. The evidence is somewhat unsatisfactory concerning the value of the store at the time of its attempted sale to Frank E. Bryant.

However, $4,000 is the valuation placed upon it by Mrs. Bryant, and the record does not demonstrate any better method of fixing its true value. It is conceded that Frank E. Bryant profited and the estate suffered under the arrangement by which he was placed in possession of the store. As between the estate and Mrs. Bryant, the one responsible for bringing about the situation must bear the loss. Initially, Mrs. Bryant placed Frank E. Bryant in possession of the store and in doing so converted the property to her own use. At a time when the full amount of the purchase price might have been salvaged for the estate, she refused to cooperate with the administrator in order to perfect the title of the purchaser and enable him to remain in possession. Under these circumstances, we think the court properly fixed the value of the Seventh Street Store at $4,000.

By counterclaim appellee sought to have credited on any judgment which might be rendered against her, the amount of funeral expenses paid by her personally, her widow's exemption and distributable share in the estate. The court dismissed the counterclaim and properly held that these claims should be asserted and determined in the county court in connection with the settlement of the estate. However, the court stayed execution on the judgment pending a determination of the widow's rights in the county court. The judgment further provided that it should not bear interest pending such determination. Appellant insists that execution should not have been stayed, and that the judgment should bear interest from its entry.

Although the amount to which Mrs. Bryant will be entitled cannot be originally determined in the circuit court, it is apparent that ultimately material credits on the judgment may be justified. In view of that fact we see nothing improper in delaying enforcement of the judgment and withholding interest until such time as the amount of the credits may be determined in the county court. This does not mean that Mrs. Bryant can delay the matter by failing to file her claim with the administrator. The administrator can secure a prompt determination of the matter in the county court and, if the widow fails or refuses to file her claim for repayment of the funeral expenses, no allowance should be made to her on this account. Of course, the attorney for the administrator should be allowed a fee for his services in this action which, with other cost of administration, is superior to the widow's claim for funeral expenses and distributable share, but is inferior to her widow's exemption under KRS 391.030(c).

The lower court directed each party to pay his and her respective costs, including one half of the commissioner's fee of $350. We think the court was justified under the circumstances in ordering such a division of cost.

The judgment is affirmed on the original and the cross-appeal.