# CASES DETERMINED

# SUPREME COURT OF ARKANSAS

FLETCHER *v.* BANK OF LONOKE.

Opinion delivered July 12, 1902.

1. CORPORATION—LIABILITY OF STOCKHOLDER—UNPAID SUBSCRIPTION.— To hold stockholders in a corporation liable on their unpaid subscriptions, creditors must show that they have exhausted their legal remedies against the corporation, or that it is insolvent. (Page 3.)

2. SAME—BURDEN OF PROOF.—In a suit to hold stockholders liable on their unpaid subscriptions, the burden is on the creditors to prove that they have exhausted their legal remedies against the corporation, or that it is insolvent. (Page 3.)

3. PLEADING—DEFENSE INURING TO ALL.—Where, in a suit to hold certain stockholders liable on their unpaid subscriptions, some of the defendants defaulted, and others answered that the plaintiffs had not exhausted their legal remedies, and that the corporation was not insolvent, the defense inured to the benefit of those who failed to answer. (Page 3.)

Appeal from Lonoke Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

*George Sibly,* for appellant.

Where there is a duty to know, negligent ignorance has the same effect as actual knowledge. 3 Thomp. Corp. § 4108. The directors were bound to know, at their peril. 38 Ark. 17. The

right to sue the directors is the only question involved in this appeal. 34 Ark. 323; 38 Ark. 17; 59 Ark. 562.

*Joe T. Robinson,* for Joe P. Eagle, appellee.

The amount of stock subscribed by appellee remaining unpaid is $250. Sand. & H. Dig., § 1337. And in this action is not liable for the remainder of the stock. 34 Ark. 323; Cook, Stock & Stockholders, §§ 205, 206, 208; 2 Morawetz, Corp. §§ 860, 866, 901, 905, 910; 45 Ark. 539; 24 Ga. 273; 16 N. Y. 377; 66 N. Y. 9. No action can lie against him because no call was made. Sand. & H. Dig., § 1336; 2 Beach, Priv. Corp. 565; 120 N. Y. 244; 42 N. J. 10; 45 N. J. 363; 131 U. S. 319.

BATTLE, J. W. P. Fletcher, receiver, for the use of the German National Bank and certain other creditors of the Bank of Lonoke, instituted this suit against the latter bank, C. W. England and other stockholders thereof, to recover so much of the stock of such shareholders as remains unpaid. The authority of the receiver to bring the action is not shown. We shall treat it as brought by creditors.

Plaintiffs allege in their complaint, substantially, as follows: The Bank of Lonoke is a corporation organized under the laws of this state. It is indebted to them and others in large sums of money. The defendants own shares in its capital stock. Plaintiffs and others severally instituted actions against the bank, and sued out orders of attachment therein, and caused the same to be levied on property of the bank, and caused many of its debtors to be garnished, and severally recovered judgments in such actions for the amounts sued for, which remain unpaid. The defendants have paid only a small part of their stock subscriptions. The bank is insolvent.

Plaintiffs, for themselves and all other creditors of the bank who may come in as parties and pay their proportion of the expenses of this suit, asked in their complaint for a decree against the defendants for the amounts severally due on their respective stock subscriptions.

The plaintiffs, after the commencement of this action, filed an amendment to their complaint, by which they sought to recover a decree against the directors of the bank for damages occasioned by their neglect to perform certain of their duties. On motion of

the defendants the amendment was stricken from the files in this cause. It was never restored.

Many of the defendants answered, and, among other things, denied the insolvency of the bank, and set up defenses. A few failed to answer.

On a hearing of the cause upon its merits the court dismissed the complaint, and the plaintiffs appealed.

It is well settled that the unpaid balances due on stock subscriptions are not the primary or regular fund for the payment of corporate debts. Each stockholder is liable on his unpaid subscription only for the proportion thereof which is necessary for the payment of the debts of the corporation when the property of the corporation is insufficient for that purpose. To hold him liable, the creditors must show that they have exhausted their legal remedies against the corporation without obtaining satisfaction, or that it is insolvent. *National Tube Works Co.* v. *Ballou,* 146 U. S. 517; *Wetherbee* v. *Baker,* 35 N. J. Eq. 501, 506; *Barnes* v. *Babcock,* 95 Cal. 581, 590; *Walser* v. *Seligman,* 21 Blatchf, 130, 13 Fed. 415; *Baxter* v. *Moses,* 11 Me. 465, 474, 1 Atl. 350, 52 Am. Rep. 783; *Euclid Avenue National Bank* v. *Judkins,* 66 Ark. 486, 51 S. W. 632; *Wilkins* v. *Worthen,* 62 Ark. 401, 36 S. W. 21; *Jones* v. *Jarman,* 34 Ark. 323, 328; 1 Cook, Corp. (4th Ed.), § 202; 2 Morawetz, Corp. (2d Ed.), § 866; Clark, Corporations, § 237; 3 Thompson, Corporations, c. 59, art. 2, p. 241.

The evidence in this case fails to show that appellants exhausted all their legal remedies against the bank without being able to obtain satisfaction, or that the bank was insolvent; and consequently fails to show that they are entitled to the relief they seek to obtain.

In the denial of the insolvency of the Bank of Lonoke the basis of the appellants' cause of action against the defendant stockholders was put in issue, and the failure of appellants to sustain the affirmative defeated their right to a decree against any of the stockholders. The defense inured to the benefit of those who failed to answer. *Lingan* v. *Henderson,* 1 Bland, Ch. 236, 254-275; *Cherry* v. *Clements,* 10 Humph. 552; 1 Daniell, Ch. Practice (6th Ed.), 531, note 4, and cases cited; 1 Hoffman, Ch. Prac. 554. See, also, *Hall* v. *Bonville,* 36 Ark. 491; *Gordon* v. *State,* 11 Ark. 12; *Ferguson* v. *State Bank,* 11 Ark. 512; *Vandever* v. *Clark,* 16

Ark. 331; *State* v. *Williams,* 17 Ark. 371; *Adderton* v. *Collier,* 32 Mo. 507, 511.

Decree affirmed.

BUNN, C. J., not participating.