CODDINGTON *v.* BROWN.

Opinion delivered April 24, 1916.

1. ACTIONS—PARTIES—ACTION AGAINST SEVERAL PARTIES—PLEA BY ONE PARTY ALONE.—Where several parties are sued on a contract, a successful plea by one going to the validity of the contract, or to the satisfaction or discharge of the debt, operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it.

2. PRINCIPAL AND SURETY—ALTERATION OF CONTRACT—DISCHARGE.—Any material alteration in the terms of a contract, whereby a surety is bound, discharges the surety, if he has not consented to the change, even if the alteration be for the benefit of the surety.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

Appellant brought this suit against E. J. Wills, Stephen Brown and M. W. Murray, the sureties on his bond, for rent claimed to be due under a contract of lease of the Majestic Theatre Building in Fort Smith, with the property and appliances therein contained to be operated as a moving picture theatre.

By the terms of the lease the building "together with all the personal property in said building and connected therewith, which personal property is listed and described in the schedule attached and made part of the lease," were let to the lessees. It is also stipulated that the lessees should not remove or cause to be removed from said building any of said personal property and that each article of same should be returned and delivered to the possession of the lessors at the expiration of the term in as good order as at the beginning, ordinary wear and tear excepted, the lessees being liable for any loss of said property or damage thereto. The schedule included 1 Edison kinetoscope picture machine, and other articles making up the equipment of a moving picture theatre.

The bond in the sum of $1,000 recited the execution of the lease, some of the conditions and stipulations thereof and bound the lessee and sureties to the faithful performance of the contract of lease.

Suit was brought for the rent claimed to be due under the terms of the lease, against the lessees and Stephen Brown and M. W. Murray, sureties on the bond. Brown filed a separate answer to the complaint, alleging that he had been released as surety by reason of a material change made in the lease contract without his consent, in that the lessor and lessees had made a new contract on October 18, 1913, permitting the lessees to sell the Edison Picture Exhibition machine leased with the building for the sum of $75 and to purchase and install a new Powers 6-A machine at a cost of $260, to be paid by the lessees except the value of the old machine should be

credited thereon, the parties agreeing that if the lessees desired to remove the new machine, they should repay the said $75 used in its purchase, and if not, they could relieve themselves from the liability for its return at the end of the term, by leaving the new machine so purchased in its stead.

A demurrer was interposed to the answer and overruled and the appellee filed an amended separate answer containing virtually the same allegations as the first and alleged that appellant was bound to furnish the lessees under the terms of the lease the said Edison exhibition picture machine; that same was a necessary part of the machinery and fixtures to be used in the operation of the theatre under the terms of the lease; that notwithstanding the terms of the contract, the lessor failed and refused to furnish said machine after October 20 and sold and disposed of same and refused thereafter to lease and hire it to the lessees and thereby violated and put an end to the lease contract releasing him as surety thereafter. A demurrer to this answer was likewise overruled.

The lease, the bond and the contract between the lessor and lessees, relative to the sale of the Edison kinetoscope machine furnished by the lessor and the installation of the new Powers 6-A machine by the lessees at the increased expense, with the credit of the price of the old machine thereon, were introduced in evidence and appellant testified that the sum of $375 was due him as rent under the lease for the months of May, June, July, August and September, 1914, at $75 per month, with 10 per cent. interest on each installment from the date it was due.

He also stated on cross-examination that he leased the Majestic Theatre building and the personal property therein, for the purpose of it being operated as a moving picture show; that the Edison picture exhibition machine was designated in the schedule of the lease and was in the building and part of the property leased; that under the contract of October 18, the picture machine was disposed of.

Appellant moved for judgment by default against M. W. Murray, the other surety on the bond who had failed to answer and his motion was overruled.

E. J. Wills filed no answer. The cause was submitted to the court and judgment rendered in favor of the plaintiff against E. J. Wills for the amount claimed and the court declined to enter judgment against either of said sureties. From his judgment refusing to do so, this appeal is prosecuted.

*Geo. F. Youmans,* for appellant.

1. The liability of appellees, so far as they were bound for the payment of rent, was not affected by the agreement, for the terms of the lease relating to the payment of rent were in no way modified by said agreement. 1 Brandt on Sur. & Guar. (3 ed.), § 442; 110 Cal. 658; 43 Pac. 202; 56 Minn. 283; 57 N. W. 663; 71 Fed. 110; 32 Cyc. 177-8, and note 75, p. 178.

2. The judgment dismissing the complaint is not sustained by the evidence.

3. Judgment should have been entered against Murray. He made no defense and was not entitled to the benefit of Brown's defense.

*John P. Woods,* for appellee.

1. Appellees did not consent to the sale of the machine. The terms of the contract were materially altered and the sureties were thereby released. 93 Ark. 472; 77 *Id.* 128. The judgment is right and should be affirmed.

KIRBY, J., (after stating the facts). (1) The court erred in its refusal to render judgment against surety M. W. Murray. "Where several parties are sued on a contract a successful plea by one going to the validity of the contract, or to the satisfaction or discharge of the debt, operates as a discharge to all the defendants but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Hall* v. *Bonville,* 36 Ark. 494; *McDonald* v. *Smith,* 24 Ark. 614; *Gunnells* v. *Latta,* 86 Ark. 304.

In *Simpson & Webb Furniture Co.* v. *Moore,* 94 Ark. 347, the court held, (quoting syllabus): "A separate answer of one defendant will be held to inure to the benefit of all the defendants when it states a defense common to all of them."

Although it is true that the same state of facts as to the change in the terms of the lease contract relied upon by appellee Brown in defense of the suit, existed as to his co-surety, said M. W. Murray, it does not necessarily follow that he was discharged from liability as a surety thereby since he would not have been if he consented to the change. Appellee Brown answered, setting up this defense and alleging that a change of the terms of the contract had been made without his consent. This was personal to him and the court erred in rendering judgment discharging both him and his co-surety said M. W. Murray, who had failed to answer.

(2) It can not be said as contended by appellee that the lease was terminated after the execution of the new agreement providing for the selling of the old picture machine by the lessor and the installation of the new one furnished by appellees for the execution of this agreement can not be said to be a refusal to furnish the motion picture machine agreed to be and which was in fact furnished under the terms of the lease. The lessor did not fail to comply with his contract to furnish this machine because he consented to the sale of it at the instance of the lessees and the application of the price received, to the payment of the purchase price of the new machine installed by the lessees in its place. The court is of opinion however that the transaction constituted a material change in the lease contract which released the sureties on the bond from the payment of the rent if done without their consent. "The courts have long held," as said in *Snodgrass* v. *Shader,* 113 Ark. 429, "that any material alteration in the terms of a contract, whereby a surety is bound, discharges the surety if he has not consented to the change, and this is so even if the alteration be for the benefit of the surety; for, although the princi-

pals may change their contract to suit their purpose or convenience, they can not bind the surety thereto without his consent, and, as the new contract abrogates the old, the surety is discharged from all liability unless he has consented to the alteration.   (Citing cases.)''

The building, fixtures and appliances including the Edison machine for exhibition of pictures, were leased for the purpose of operating a moving picture show and the sureties upon the failure or refusal of their principals to perform the lease contract, could have undertaken it themselves, being bound to its performance.   They may have been willing to be bound for the payment of the rent upon the moving picture theatre, thinking their principal would be able out of the money realized from its operation to pay the sum agreed upon and expenses, when they would not have been willing to sign the bond had they known that a new machine for exhibition of the pictures was to be installed at an additional expense to their principals of $185.  If the parties to the lease had agreed to sell the furnishings in the theatre leased and purchased others at a cost to the lessees of say $5,000 more than the price received for the old furnishings and fixtures, it would certainly have constituted a material change in the conditions and reduced the liability of the lessees accordingly to perform their obligation for which the surety was bound and should discharge the surety no less than if the terms of the contract itself were expressly changed. Moreover, said contract was materially altered by the agreement and installation of the new Powers 6-A machine in lieu of the Edison disposed of which they were bound to return, providing for the payment of the price for which it sold or the return of the new machine in its stead.

It follows that no error was committed in the rendition of the judgment in favor of appellee Brown discharging him from liability and same is affirmed as to him, but the judgment of dismissal as to said M. W. Murray being erroneous is reversed and the cause remanded with directions to enter a judgment in appellant's favor against him.