# City of Ravenna v. Griffin.
## Central Kentucky Natural Gas Co. v. Same.
## Same v. City of Ravenna et al.

March 15, 1940.

Charles L. Seale, Judge.

Shumate & Shumate for appellants.

John W. Walker for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On August 20, 1938, appellee was struck and severely injured by a bicycle ridden by Chauncey Cooper, Jr.; and on February 25, 1939, in an action instituted by her against Cooper, and subsequently, by amended petition against appellants, she recovered judgments aggregating $3000 of which $1000 was awarded against Cooper, $1000 against the City of Ravenna, and $1000 against the Central Kentucky Natural Gas Company. In the judgment entered upon the jury's verdicts, the Gas Company was directed by the Court to pay the $1000 awarded against the City. The City and the Gas Company filed separate appeals on the same record, and later the Gas Company prayed and was granted an appeal from that portion of the judgment which directed it to pay the $1000 awarded against the City. The three appeals will be disposed of together.

At the time she was struck, appellee was walking on

Sixth Street toward Main Street in the City of Ravenna. There were no sidewalks and she was in the street proper about two feet from the curb. Apparently Sixth Street slopes sharply toward Main Street, and Cooper, a fifteen year old boy, was proceeding rapidly down hill toward Main Street with his hands off the handlebars and extended. Some of the witnesses say that he was riding very fast, and it is in evidence that he stated to some of the witnesses that he was going forty miles an hour. In any event, he struck appellee from the rear, and she says that she was unaware of his approach until she was struck. In a deposition given by him, Cooper testified that the accident was caused by appellee stepping suddenly into the side of his wheel as he was passing her. The original petition filed by appellee charged that the accident was occasioned by the negligence of Cooper, but in the amended petition by which the City and the Gas Company were made parties defendant, it was in effect alleged that the accident was caused not only by Cooper's negligence, but by the bicycle striking and being deflected from its course by a ridge extending across Sixth Street which the Gas Company had negligently created on August 11th, in repairing a broken section of the concrete street overlying its gas line, and which the City had negligently permitted to remain in the street. The ridge across the street was composed of a preparation of gravel, oil, and concrete; was sixteen inches wide, and at its center extended from one and one-half to two and one-half inches above the street level. It was raised above the street level in order to allow for "settling" which would eventually reduce it to the level of the street. The appellee had passed this ridge, and, according to one witness who claims to have measured the distance, was fifty-four feet beyond it at the time she was struck. Other witnesses estimated the distance from a few feet to thirty feet. Several witnesses saw the accident, but none of them was able to testify that the bicycle was deflected from its course when it went over the ridge. Cooper in his deposition stated emphatically that striking the ridge did not cause him to lose control of the bicycle or alter its course, and in answer to a question as to his speed, said:

"About twenty miles an hour for part of the distance, but I slowed down where this repair work was in the street, as I knew it was there, having rid-

den over it before, and the small rise in the street caused by the repair work did not, in any way, change the course of the bicycle or prevent me from having control of same, and it had nothing to do with the collision with the plaintiff.''

Several other witnesses testified that they had ridden bicycles down the hill and over the ridge and that the only effect of the ridge was to cause their wheels to "jump up"; and the nearest approach which the appellee made toward establishing her claim that the ridge in the street caused the bicycle to strike her was by introducing as a witness a fourteen year old girl, Geraldine Stidham, who testified that Cooper was traveling "fast," and that when he reached the ridge "it went up in the air a little bit, jumped up." Asked if she noticed what had happened when the bicycle jumped up in the air, and where it then went, she said: "I don't remember very distinctly, but it seems that it seemed to go to the right and hit the girl" who was on the right side of the street close to the curb.

From the foregoing recital of the facts as disclosed by the record, it is apparent that while the ridge in the street may have deflected the course of the bicycle and caused it to strike the appellee, there is no evidence of probative value that it did so. The appellee herself was unable to establish the cause of the accident beyond denying that she varied her course prior to being struck from the rear by Cooper's bicycle; and the only intimation by any witness that the course of the bicycle was in fact deflected when it struck the ridge was that found in the testimony of Geraldine Stidham. While Cooper says that he had his hands on the handlebars at the time he collided with appellee and that the sole cause of the accident was her stepping aside into his wheel, there is considerable testimony that in racing down the street prior to the collision he did not have his hands on the handlebars. It is therefore not necessary for us to determine whether the ridge in the street constituted an obstruction which would render the Gas Company liable for having placed it there, or whether it made the use of the street dangerous so as to render the City liable for negligence in permitting it to remain. It is sufficient to say that it was not proven that the ridge in the street was a cause, much less the proximate cause, of the col-

lision in which appellee received her injuries. Nunan v. Bennett, 184 Ky. 591, 212 S. W. 570; Strong v. City of Harlan, 267 Ky. 454, 102 S. W. (2d) 353, and authorities there cited.

But one other question remains to be determined. It is claimed by appellee that because the answer of the City to which appellee unsuccessfully demurred was wholly insufficient to present a defense, the appellee was in all events entitled to a judgment against the City. It may be conceded that not only through the use of double negatives where denial was attempted, but because of complete failure to deny other material allegations of the petition, the answer filed by the City would have been fatally defective had it stood alone, but admittedly the answer of the Gas Company was sufficient in every respect and traversed every allegation of the petition upon which liability of the City could have been predicated. Under these circumstances, the allegations of the answer of the Gas Company inured to the City's benefit. Otherwise, assuming that the trial Court correctly adjudged the Gas Company liable for the judgment rendered against the City, we would have the anomalous situation of a defendant, although adjudged not liable to the plaintiff, nevertheless, being compelled to pay a judgment rendered against a co-defendant adjudged liable because of its failure to deny the allegations of the petition upon which the liability of both parties was predicated in the first instance.

It follows that the trial Court erred in refusing to sustain the motions of appellants for directed verdicts in their favor.

Judgment reversed.