Bennie S. ROGERS *v.*
John C. WATKINS et ux

75-71                              525 S.W. 2d 665

Opinion delivered June 30, 1975

*Douglas Bradley & Jon R. Coleman,* for appellant.

*Cathey, Brown, Goodwin & Hamilton & H. T. Moore,* for appellees.

FRANK HOLT, Justice. This appeal results from the court's order granting appellees' motion to strike appellant's late answer. Appellees, John C. Watkins and his wife, brought this action to recover for damages he suffered in an automobile accident involving a car driven by Judy Rogers. On August 30, 1973, appellees filed suit against seventeen year old Judy, her mother and appellant, who is her father. Judy was driving by authority of a drivers license which was issued on an application signed by the appellant and her mother pursuant to the provisions of Ark. Stat. Ann. § 75-315 (Repl. 1957). The act provides and appellees alleged that Judy's negligence, she being under eighteen years of age, is imputed to the person who signs her driver's application and shall be jointly and severally liable with the minor for any damages caused by her negligence or misconduct in the

operation of a motor vehicle upon a highway. Judy lives with her divorced mother. At the time of the accident, Judy was driving a car apparently owned by her mother. All of the parties were served with summons on September 1, 1973. Appellant took his summons to his ex-wife's insurance agent and was told by him it had "first coverage." Appellant was led to believe that an answer would be filed in his behalf. He left the suit papers with this agent. He then informed his own insurance agent of his action. His ex-wife's insurer filed a timely answer for Judy and her mother. It failed to file an answer for appellant or notify him of the inaction. Neither did his own insurer take any action.

On March 4, 1974, or a few days before the case was set for trial, appellees took a non-suit against Judy and her mother and a default judgment against appellant for $110,-000. Appellant was unaware that an answer had not been filed for him and he had no knowledge of a default judgment until a few days later. On March 14, 1974, appellant filed a motion to set aside the default judgment. On March 20, he filed an answer in which he asserted that his liability, if any, "is derivative from Judy S. Rogers and in the absence of a cause of action against Judy S. Rogers, no action can be maintained against this defendant." On March 21, appellees filed a motion to strike his answer. On March 28, the court set aside the default judgment. On November 1, 1974, the court granted appellees' motion to strike appellant's answer. However, appellant was allowed "the right to cross-examine the plaintiffs' witnesses on the amount of damages and also to offer proof in mitigation of plaintiffs' damages." Thereafter the court granted appellant's request to make a proffer of proof as to a meritorious defense, unavoidable casualty, excusable neglect and other just cause. The court then reaffirmed its order striking appellant's answer. Hence, comes this appeal.

Appellant argues, *inter alia*, that his daughter's negligence, if any, is imputed to him by statute and, therefore being derivative, the answer and the asserted defenses by Judy inured to his benefit even though he failed to answer or appear. In other words, any liability on his part is solely dependent upon and common to Judy's liability. Consequently, should she be exonerated on the basis of her answer

and asserted defenses, he necessarily would be relieved of any liability.

It is well established that the answer of a codefendant inures to the benefit of a defaulting defendant where there exists, as here, a common defense as to both of them. *Burt* v. *Henderson,* 152 Ark. 547, 238 S.W. 626 (1922). See also *Coddington* v. *Brown*, 123 Ark. 486, 185 S.W. 809 (1916). *Simpson & Webb Furniture Co.* v. *Moore,* 94 Ark. 347, 126 S.W. 1074 (1910); *Fletcher* v. *Bank of Lonoke,* 71 Ark. 1, 69 S.W. 580 (1902); and *McDonald* v. *Smith Adm'r.,* 24 Ark. 614 (1865). This is in accord with the general rule which is stated in 71 C.J.S. Pleading § 117 d:

> . . .[a] defense which goes to the merits of the whole case as tending to show no cause of action in plaintiff may, when pleaded by one defendant, inure to the benefit of his codefendants. . . .

See also *Gabbard et al* v. *Gabbard et al,* 294 Ky. 572, 172 S.W. 2d 214 (1943); and *City of Ravenna* v. *Griffin,* 282 Ky. 581, 139 S.W. 2d 74 (1940). In the case at bar, the appellees alleged that their damages were the result of the negligent driving of a motor vehicle by Judy and that her negligence was imputed to the appellant, her father, and her mother. Since the appellant's defense to appellees' allegations as specifically raised in his answer was common to Judy's, we are of the view Judy's defense inured to appellant's benefit although he did not file a timely answer or appear. Consequently, the trial court erred in striking appellant's answer.

We deem it unnecessary to discuss appellant's contention that his late answer was the result of unavoidable casualty, excusable neglect or other just cause.

Reversed and remanded.