# SOUTHLAND MOBILE HOME CORPORATION
## *v.* Ricky WINDERS and wife

77-161                                    561 S.W. 2d 281

Opinion delivered January 30, 1978
(Division I)

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*James C. McCaa, III,* of *Hightower & McCaa,* for appellees.

GEORGE ROSE SMITH, Justice. In this appeal from the trial court's refusal to set aside a default judgment against the appellant, the only question is whether a timely answer filed by its codefendant inured to its benefit, so that the default judgment was incorrectly entered.

The appellees brought suit to recover the value of a mobile home that had been destroyed by fire. The defendants were the manufacturer of the mobile home and its seller, the appellant. The complaint alleged that the defendants were jointly and severally liable to the plaintiffs, because (a) the

mobile home, when supplied, was in a dangerously defective condition, (b) the defendants were negligent in inspecting the mobile home, (c) there was a breach of express and implied warranties of merchantability, and (d) the defendants were liable for the consequential destruction of personal property (not described).

The manufacturer filed an answer denying "each and every material allegation contained in the complaint." The appellant failed to file an answer, resulting in the entry of the default judgment. The appellant's motion to set aside the judgment, on the ground that its codefendant's answer inured to its benefit, was denied.

The motion should have been granted. The appellees are mistaken in arguing, on the basis of the result reached in *Rogers* v. *Watkins*, 258 Ark. 394, 525 S.W. 2d 665 (1975), that there must be a derivative liability in order for the answer of one defendant to inure to the benefit of another. That was the situation in *Rogers*, but the rule is not confined to that state of facts. The true test is whether the answer of the non-defaulting defendant states a defense that is common to both defendants, because then "a successful plea . . . operates as a discharge to all the defendants but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Coddington* v. *Brown*, 123 Ark. 486, 185 S.W. 809 (1916). Accord: *Burt* v. *Henderson*, 152 Ark. 547, 238 S.W. 626 (1922); *Simpson & Webb Furn. Co.* v. *Moore*, 94 Ark. 347, 126 S.W. 1074 (1910); *Fletcher* v. *Bank of Lonoke*, 71 Ark. 1, 69 S.W. 580 (1902). Here the effect of the manufacturer's answer was to deny the plaintiffs' allegations of negligence and breach of warranty. That denial went to the existence of the plaintiffs' cause of action, asserted a defense common to both defendants, and therefore inured to the benefit of the appellant.

Reversed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.