THE FIRESTONE TIRE &
RUBBER COMPANY *v.* Artie LITTLE

CA 79-273                                    599 S.W. 2d 756
Court of Appeals of Arkansas
Opinion delivered May 14, 1980
Petition for review denied June 16, 1980
Petition for rehearing denied June 16, 1980
Released for publication June 18, 1980

*Erwin N. Griswold, Jones, Day, Reavis & Pogue,* Washington, D.C.; *Patrick W. Lee, Jennifer Waters Hitt, John I. Stewart, Jr., Crowell & Moring,* Washington, D.C. *Rose, Nash, Williamson, Carroll, Clay & Giroir,* by: *Phillip Carroll;* and *Howard W. Brill; Ronald D. Rotunda,* Champaign, Ill., and *Michael F. Mahony,* of *Mahony & Yocum,* of counsel, for appellant.

*Shackleford, Shackleford, Phillips, P.A.,* for appellee.

J. FRED JONES, Special Judge. In a suit for personal injuries brought by Artie Little against Harvey Shelton, Firestone Tire and Rubber Company and Jackson Smith, d/b/a Jackson Smith Mobil Service Station, the Union County Circuit Court entered a default judgment for $125,-000.00 against Firestone and denied Firestone's motion to set the judgment aside. This is an appeal by Firestone from the order denying the motion and we reverse.

The facts as appear from the record are as follows: Harvey P. Shelton owned a truck and trailer he used in hauling logs and pulpwood. He purchased the trailer from a Mr. Bolding five years before the accident here involved and did not know how long Bolding had owned and used the trailer. The trailer had two sets of dual wheels under the rear end and on July 20, the front outside tire on the left side of the trailer went flat, Shelton's driver took the trailer to Jackson Smith Mobile Service Station where Smith removed the wheel and flat tire from the trailer. On the following morning, July 21, Shelton's driver returned the trailer to Smith's station where Smith remounted the tire on the trailer and Shelton's driver started to the log woods with the truck and trailer. When the truck and trailer had proceeded about four blocks from Smith's service station the tire and rim, which Smith had just mounted, came off the trailer and struck and injured Mrs. Little who was walking along the edge of the roadway.

The rim involved in this case was a two piece rim as distinguished from three piece rims on all the other wheels on the trailer. It appears that the two piece rim separates and locks in the middle but the record before the trial court at the time the default judgment was entered does not reveal when the rim was first installed on the trailer or its age or condition. There was evidence submitted at hearing on motion to set aside the default judgment to the effect the rim was manufactured by Firestone in 1960, that it was rusty, deformed by being hammered into place, and appeared to have been run on a flat tire.

On August 31, 1978, Mrs. Little filed her complaint

against Shelton alleging res ipsa loquitur and negligence in failure to maintain his truck in safe condition for operation on highways, and alleging damages in amount of $150,000.00.

Shelton filed a demurrer to the comlpaint and then filed a timely answer amounting to a general denial except that he admitted his truck was being operated at the time and place alleged. He stated that if the plaintiff sustained any injuries as alleged the same occurred as a result of a defect in manufacturing the wheel or as a result of acts of persons or companies unknown to Shelton.

On April 3, 1979, Mrs. Little filed an amendment to her complaint making Firestone and Jackson Smith parties defendant. The amended complaint alleged that Firestone negligently and carelessly designed, constructed, manufactured, assembled, installed and inspected the multi-piece wheel and such negligence and carelessness caused the multi-piece wheel to become detached from the log truck and strike and injure Mrs. Little. The amended complaint alleged violation of express and implied warranties, strict liability, malicious and wanton disregard for the rights of Mrs. Little on the part of Firestone and prayed judgment for punitive damages against Firestone in amount of $250,000.00.

The amended complaint alleged that Jackson Smith ". . . in mounting the multi-piece wheel and tire carelessly and negligently failed to properly affix the said wheel and tire to the log truck when he knew or should have known such multi-piece wheel was unsafe and would become detached from the vehicle, that he failed to give proper and necessary warning of the unsafe condition and failed to properly inspect the multi-piece wheel and tire after mounting same to the log truck of Shelton." The amended complaint alleged the doctrine of res ipsa loquitur was applicable against both Firestone and Smith, and further alleged:

As a result of the carelessness and negligence of the defendant, Firestone Tire and Rubber Company and Jackson Smith, d/b/a Jackson Smith Mobil Service Station, the plaintiff, Artie Little, sustained injuries and

damages as hereinbefore set out in the sum of $150,-000.00.

The alleged elements of damage were set out in the original complaint and it was annexed to and made a part of the amended complaint.

On April 18, 1979, Smith filed his separate answer which states:

1. He denies each and every allegation of the complaint and of the first amendment to complaint not herein specifically admitted.

2. He admits the allegations of paragraph 2 of the complaint.

Summons was issued on Firestone's agent for service in Arkansas on April 4, 1979 and Firestone filed an answer of general denial out of time on April 30, 1979. When Firestone failed to answer by April 25, the last day for answering under Ark. Stat. Ann. § 27-1135, trial was set for the following day, apparenly on oral motion of Mrs. Little for default judgment. a jury trial was waived by the plaintiff and the matter was submitted to the trial court sitting as a jury.

Testimony as to the extent of Mrs. Little's injuries and damage was submitted at the hearing on April 26 and the trial court's findings as to damages reads in part as follows:

. . . from the evidence the Court finds that the plaintiff's damages have amounted to and that she'd be entitled to a judgment for compensatory damages for a hundred and twenty-five thousand dollars.

Although Shelton appeared by attorneys at the hearing on April 25, and the judgment so recites, the entire amount of Mrs. Little's damages, as found by the court in the sum of $125,000.00, was assessed against Firestone in the default judgment.

Apparently Mrs. Little and her attorneys did not intend

to take default judgment against Firestone for the entire amount of her damages because in connection with an effort on the part of Firestone to remove the case to Federal Court, and in connection with successful motion to remand, counsel for Mrs. Little made and filed an affidavit which states in part as follows:

> When Firestone Tire and Rubber Company defaulted by failing to answer as provided for by law, judgment was taken by default pursuant to Ark. Stat. Ann. § 29-401 et seq. At no time, however, did either Mrs. Little or I intend to abandon her claims against Shelton or Smith or to sever her cause of action against Firestone from her cause of action against Shelton and Smith. To the contrary, it was both my intention and the intention of Mrs. Little to fully pursue her claims against all three defendants and the taking of the default judgment against Firestone was a means of continuing to pursue her claims and was done as mandated by Ark. Stat. Ann. § 29-401.
>
> It has been, and remains, the intention of Mrs. Little and my intention to proceed in the Union County Circuit Court against all three defendants.

On May 2, 1979, Firestone filed its motion to set aside the default judgment. The motion was taken under advisement at hearing had May 24, 1979, and order denying the motion was entered on July 3, 1979.

On appeal to this court Firestone has designated five points on which it relies for reversal, the first point being as follows:

> It was error to enter a default judgment against Firestone when other defendants had filed timely answers containing defenses which inured to the benefit of Firestone.

Since we agree with the appellant on its first point, we do not reach the other points designated.

Our courts have many times pointed out that default judgments are not favored in the law. 49 C.J.S., Judgments, § 187, with cases cited in foot note 24, *Allied Chemical Corp.* v. *Van Buren School Dist. No. 42*, 264 Ark. 810, 575 S.W. 2d 445 (1979), *Winters* v. *Lewis*, 260 Ark. 563, 542 S.W. 2d 746 (1976).

A default judgment should not only be set aside for excusable neglect, unavoidable casualty or other just cause as provided in the statute authorizing default judgments; but a default judgment should not be entered at all, and if entered it should be set aside, when the action is against several defendants jointly, and the defense interposed by an answering defendant is not personal to himself but is common to himself and the non-answering defendant.

There is no question in this case that the general denials of Shelton and Smith denied separate allegations in the complaint of Mrs. Little − it was so provided by statute when the answers were filed. Ark. Stat. Ann. § 27-1121 set out what was to be contained in an answer and the statute provided:

It shall be sufficient to constitute a denial of each allegation of the complaint for the defendant to state in his answer that he denies each and every material allegation of the complaint, and such statement shall have the effect of denying each separate allegation thereof. . . .

In 78 A.L.R. 939 is found a statement as follows:

The courts are agreed with practical unanimity that in actions against several defendants jointly, where the defense interposed by the asnwering defendant is not personal to himself (as is the defense of infancy, coverture, or bankruptcy on the part of the pleader), but common to all, as where it goes to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant, or questions the merits or validity of the plaintiff's entire cause of action in general, or his right to sue, such defense, if successful, inures to the benefit of the defaulting defendants both in actions at law and suits in

equity, with the result that final judgment must be entered not merely in favor of the answering defendant, but also in favor of the defaulting defendants.

In 71 C.J.S., Pleadings, § 117, at p. 268 is found the statement as follows:

> While as a general rule one defendant cannot in his answer assert the rights of a codefendant who does not answer, a defense which goes to the merits of the whole case as tending to show no cause of action in plaintiff may, when pleaded by one defendant, inure to the benefit of his codefendants.

It is not every answer filed by a defendant that inures to the benefit of a nonanswering codefendant. It is only when the answering defendant answers an allegation directed at and common to his nonanswering codefendant. The purpose and effect of an answer by general denial is to put the plaintiff to proof on each of the allegations made in the complaint.

It is not the purpose of default judgment to relieve an answering defendant of his liability without proof or trial by simply taking a default judgment for the full amount of damages against a codefendant who fails to answer within the twenty days fixed by statute.

In the case of *Coggin* v. *Barfield*, 8 So. 2d 9, the Supreme Court of Florida said:

> The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.

The precise question here was presented to our Supreme Court in the case of *Southland Mobile Home Corporation* v. *Ricky Winders and wife*, 262 Ark. 693, 561 S.W. 2d 281 (1978). There the purchasers of a mobile home brought suit against the

manufacturer and seller to recover the value of the mobile home destroyed by fire. The complaint alleged joint and several liability because of defective conditon when supplied, negligence in inspecting, and breach of express and implied warranties. The manufacturer filed an answer denying "each and every material allegation contained in the complaint." The seller failed to answer resulting in a default judgment. A motion to set aside the judgment was denied by the trial court and on appeal the Supreme Court said:

> The motion should have been granted. The appellees are mistaken in arguing . . . that there must be a derivative liability in order for the answer of one defendant to inure to the benefit of another. . . . The true test is whether the answer of the non-defaulting defendant states a defense that is common to both defendants. . . . Here the effect of the manufacturer's answer was to deny the plaintiff's allegations of negligence and breach of warranty. That denial went to the existence of the plaintiff's cause of action, asserted a defense common to both defendants, and therefore inured to the benefit of the appellant.

The same or similar language was employed in the following cases: *Allied Chemical* v. *Van Buren Sch. Dist. No. 42*, 264 Ark. 810, 575 S.W. 2d 445 (1979), *Rogers* v. *Watkins*, 258 Ark. 394, 525 S.W. 2d 665 (1975), *Burt* v. *Henderson*, 152 Ark. 547, 238 S.W. 626 (1922), *Simpson & Webb Furniture Co.* v. *Moore*, 94 Ark. 347, 126 S.W. 1074 (1910), *Carpenter* v. *Ingram*, 77 Ark. 299, 91 S.W. 24 (1905), *Lowe* v. *Walker*, 77 Ark. 103, 91 S.W. 22 (1905), *Fletcher* v. *Bank of Lonoke*, 71 Ark. 1, 69 S.W. 580 (1902); and *Bruton* v. *Gregory*, 8 Ark. 177 (1847).

In the case at bar Shelton admitted his residence as alleged and admitted his log truck was being operated at the time and place alleged in the complaint. He specifically denied that an accident occurred or that Mrs. Little was injured.

Smith apparently intended to admit his residence as alleged in paragraph 2 of the *amended* complaint; but

he did admit the injuries at the time and place and in the manner set out in paragraph 2 of the *complaint*. By his denial of each and every other material allegation, he denied that he knew or should have known that the multi-piece wheel was unsafe and would become detached from the motor vehicle and denied that he failed to inspect and warn of unsafe conditions. Shelton and Smith both denied ·the application of res ipsa loquitur. These same allegations were made against Firestone.

As already pointed out, a general denial puts in issue the basic elements in every law suit, regardless of the differing allegations of fault as to each defendant. We conclude the general denials by Shelton and Smith placed ·in issue the vital elements of the plaintiff's law suit. Their answers included a denial the accident happened, alleged if it did happen it did not result in injury or damage to the plaintiff, denied negligence and denied res ipsa loquitur is applicable. The answers invoked defenses common to all defendants and we conclude the answers inure to the benefit of Firestone.

The judgment is reversed and the cause remanded.

HOWARD and NEWBERN, JJ., disqualified and not participating.

WARREN E. WOOD, Special Judge, joins in this opinion.