## CAPITOL CITY MANOR, INC., d/b/a CUMBERLAND NURSING HOME *v.* James A. CULBERSON, Executor of the Estate of DAVID A. CULBERSON

CA 80-474                                     613 S.W. 2d 835

Court of Appeals of Arkansas
Opinion delivered April 8, 1981
[Rehearing denied May 6, 1981.]

*Lessenberry & Carpenter*, for appellant.

*Hoofman & Bingham*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Capitol City Manor, Inc., brings this action from a default judgment entered against it in the Circuit Court of Pulaski County in the amount of $30,000 in favor of the appellee, James A. Culberson, Executor of the Estate of David A. Culberson. It urges that the trial court erred in not finding that appellant's failure to file an answer within the time prescribed was excused under Rule 55 (c), Rules of Civil Procedure, [Ark. Stat. Ann. vol. 3A (Repl. 1979)], and in refusing to hold that the answer of the co-defendant inured to its benefit.

The appellant, Capitol City Manor, Inc., operates a nursing home in the City of England under the name of Cumberland Nursing Home in which David A. Culberson, now deceased, had been a resident. The appellee, James A. Culberson, is the executor of the Estate of David A. Culberson. On January 24, 1980, the appellee filed suit in the Pulaski County Circuit Court for the wrongful death of David A. Culberson, against both Capitol City Manor, Inc. and Harold B. Betton, a medical doctor. Dr. Betton was a resident of Pulaski County. Summons was served on Dr. Betton, who filed a timely answer in the form of a general denial, reserving the right to amend his answer at a later date. The agent for service of the appellant, Capitol City Manor, Inc., was properly served but no answer was filed on behalf of the appellant. On April 4, 1980, upon testimony of the appellee and others, the trial court entered judgment against the defaulting appellant in the amount of $30,000. No judgment was rendered against Dr. Betton. On May 1, 1980, the appellant filed its motion to set aside that judgment asserting that its failure to answer should be excused because of unavoidable casualty and that co-defendant's general denial inured to its benefit.

At the hearing held on that motion appellant's president testified that he immediately delivered a copy of the complaint and summons both to his insurance agent and attorney, and thereafter relied upon them to take all necessary action. He testified further that he knew nothing more of the action until writs of garnishment had been issued and

served. It was stipulated that both the insurance agent and the attorney referred to, if present, would have denied either receiving the documents from appellant or ever discussing this cause of action with its officers.

Rule 55 (b), Rules of Civil Procedure, [Ark. Stat. Ann. vol. 3A (Repl. 1979)], provides:

(b) The court may set aside a default judgment previously entered upon a showing of excusable neglect, unavoidable casualty or other just cause.

Our courts have consistently ruled that these circumstances do not constitute the excusable neglect, unavoidable casualty or other just cause which would authorize the setting aside of a judgment by default even if the papers had been turned over to the agent and attorney. *Robertson* v. *Barnett*, 257 Ark. 365, 516 S.W. 2d 592; *Moore* v. *Robertson*, 242 Ark. 413, 413 S.W. 2d 872.

We do, however, agree with appellant that it was not in fact in default because the answer of its co-defendant inured to its benefit, and the judgment should not have therefore been entered. In *Firestone Tire & Rubber Co.* v. *Little*, 269 Ark. 636, 599 S.W. 2d 756, this court held that while a default judgment should only be set aside for excusable neglect, unavoidable casualty or other just cause, it should not be entered at all, and if entered it should be set aside when the action is against several defendants jointly and the defense interposed by an answering defendant is not personal to himself but is common to himself and the non-answering defendant.

Appellee's complaint alleged that the appellant, Capitol City Manor, Inc., had agreed for valuable consideration to provide the deceased with proper nursing care and medical attention while he was a resident in the nursing home. It further alleged that while he was under the care of the appellant, its agents and servants failed to provide him with adequate nursing and medical attention. It further alleged that the appellant's agents and servants had failed to supervise the taking of medication prescribed by Dr. Betton or to

follow his instructions that the deceased be given liquid food, resulting in the deceased becoming dehydrated and causing his death. Allegations against Dr. Betton were that he had failed to exercise the degree of care and skill of other physicians, negligently failed to visit the deceased in the nursing home and insure that his instructions for the deceased were being carried out. It was alleged that these failures on the part of the named defendants jointly caused the death of the deceased, and prayed for judgment against both named defendants both jointly and severally. There was evidence before the court that although Dr. Betton was the deceased's personal physician, he was also paid a monthly fee to serve the appellant as its medical director.

The answer of Dr. Betton was a general denial of all material allegations of that complaint and put in issue each and every allegation thereof. In *Firestone*, this court on similar facts stated:

> As already pointed out, a general denial puts in issue the basic elements in every lawsuit, regardless of the differing allegations of fault as to each defendant. We conclude the general denials by Shelton and Smith placed in issue the vital elements of the plaintiff's lawsuit. Their answers included a denial the accident happened, alleged if it did happen it did not result in injury and damage to the plaintiff, denied negligence and denied res ipsa loquitur is applicable. The answers invoked defenses common to all defendants and we conclude the answers inure to the benefit of Firestone.

We hold that the general denial filed by Dr. Betton inured to the benefit of the non-answering appellant, and that the trial court erred in entering the default judgment against the appellant while there was still pending before it a general denial filed by the co-defendant placing in issue each and every allegation of the complaint against both defendants. The judgment against the appellant entered by default should have been set aside.

Reversed and remanded.

COOPER, J., dissents.