LIBERTY LIFE INSURANCE COMPANY *v.* Martha FORSYTHE

CA 87-437                                        752 S.W.2d 305

Court of Appeals of Arkansas
Division I
Opinion delivered July 6, 1988

*Barrett, Wheatley, Smith & Deacon*, for appellant.

*Henry, Walden & Davis*, for appellee.

MELVIN MAYFIELD, Judge. This appeal results from the trial court's entry of a default judgment against appellant, Liberty Life Insurance Company. Appellant raises three points for reversal: (1) the default judgment should be set aside because a defective summons was served upon appellant and appellant has a meritorious defense to the complaint; (2) the answer of codefendant Insurex Agency, Inc. inures to the benefit of appel-

lant; and (3) just cause existed for appellant's failure to file a timely answer. Because we find that codefendant Insurex's answer did plead a defense common to appellant, we reverse and remand.

The appellee filed suit against the appellant alleging that she was the beneficiary in a certificate issued by appellant, pursuant to its group insurance policy, insuring the life of appellee's deceased husband. Appellee alleged that she should have judgment against appellant for the amount provided by the certificate and, in the alternative, judgment against the codefendant Insurex. The issue presented in this case is whether the answer filed by the codefendant asserted a defense common to appellant and went to the merits of the whole cause of action. In *Firestone Tire & Rubber Co.* v. *Little,* 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980), we said:

> In 78 A.L.R. 939 is found a statement as follows:

> The courts are agreed with practical unanimity that in actions against several defendants jointly, where the defense interposed by the answering defendant is not personal to himself (as is the defense of infancy, coverture, or bankruptcy on the part of the pleader), but common to all, as where it goes to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant, or questions the merits or validity of the plaintiff's entire cause of action in general, or his right to sue, such defense, if successful, inures to the benefit of the defaulting defendants both in actions at law and suits in equity, with the result that final judgment must be entered not merely in favor of the answering defendant, but also in favor of the defaulting defendants.

> In 71 C.J.S., Pleadings, Section 117, at p. 268 is found the statement as follows:

> While as a general rule one defendant cannot in his answer assert the rights of a codefendant who does not answer, a defense which goes to the merits of the whole

> case as tending to show no cause of action in plaintiff may, when pleaded by one defendant, inure to the benefit of his codefendants.

> It is not every answer filed by a defendant that inures to the benefit of a nonanswering codefendant. It is only when the answering defendant answers an allegation directed at and common to his nonanswering codefendant. The purpose and effect of an answer by general denial is to put the plaintiff to proof on each of the allegations made in the complaint.

269 Ark. at 642-3.

In *Arkansas Electric Co.* v. *Cone-Huddleston,* 249 Ark. 230, 458 ·S.W.2d 728 (1970), the Arkansas Supreme Court stated, "Commercial [non-answering defendant] timely requested its insured, Cone-Huddleston, to file an answer in the former's behalf and to defend, as it was contractually obligated to do. Of course the defenses would be identical and Commercial Union's liability would be predicated on Cone-Huddleston being liable." 249 Ark. at 231. In *Southland Mobile Home Corp.* v. *Winders,* 262 Ark. 693, 561 S.W.2d 280 (1978), however, the Arkansas Supreme Court distinguished its holding in *Arkansas Electric.*

> The appellees are mistaken in arguing, on the basis of the result reached in *Rogers* v. *Watkins,* 258 Ark. 394, 525 S.W.2d 665 (1975), that there must be a derivative liability in order for the answer of one defendant to inure to the benefit of another. That was the situation in *Rogers,* but the rule is not confined to that state of facts. The true test is whether the answer of the non-defaulting defendant states a defense that is common to both defendants, because then a "successful plea . . . . operates as a discharge to all the defendants but it is otherwise where the plea goes to the personal discharge of the party interposing it." [Citations omitted] Here the effect of the manufacturer's answer was to deny the plaintiffs' allegations of negligence and breach of warranty. That denial went to the existence of the plaintiffs' cause of action, asserted a defense common to both defendants, and therefore inured to the benefit of the appellant.

262 Ark. at 694.

In *Allied Chemical Corp.* v. *Van Buren School District No. 42*, 264 Ark. 810, 575 S.W.2d 445 (1979), the appellants argued that codefendant Celotex's timely answer brought their case within the rule that any defense filed by one defendant, common to a codefendant, inured to their benefit. The Arkansas Supreme Court responded:

> Here Celotex filed a timely answer, preserving its objection to venue, and asserted that the appellees' complaint did not state sufficient facts to constitute a cause of action, denied the allegations of appellee's complaint, interposed the statute of limitations as a complete defense . . . . These denials by Celotex's answers went to the existence of appellee's cause of action and asserted defenses common to both appellants which inured to their benefit.

264 Ark. at 815.

In the present case, the appellee alleged separate causes of action against appellant and defendant Insurex. The allegation as to defendant Insurex is that it misrepresented the fact that appellee's husband would be covered under his employer's group policy with appellant. The appellee did not allege joint and several liability as to Insurex and appellant but asked for relief against Insurex, if appellee was not successful on her claim against appellant.

Appellee's specific claim against appellant is based upon waiver and estoppel. In paragraph 11 of her amended complaint, appellee specifically alleges:

> That [appellant], Liberty Life Insurance Company, by their actions in accepting premiums for the life insurance coverage on Robert Lewis Forsythe [appellee's husband], as well as the medical care coverage, and also in honoring all claims for medical care coverage under the policy, should be found to have waived any right to deny coverage under the policy, and should be stopped [sic] from denying coverage under same.

In response to this allegation, defendant Insurex answered,

"[t]his defendant can neither admit nor deny the allegations contained in Paragraph 11 of the Amended Complaint, as said allegations are directed toward Liberty Life Insurance Company, but this defendant would demand strict proof of said allegations if its rights are to be affected." Thus, defendant Insurex did not answer for appellant. Nevertheless in paragraphs 16 & 17 of its answer, defendant Insurex further pleads:

> For further defense, the defendant, Insurex Agency, Inc., alleges that the [appellee] is barred from recovery in this case on the ground that Richard Lewis Forsythe specifically misrepresented his employment status in February of 1985 by stating that he worked a minimum of thirty hours per week and that he was an active, full-time employee, all of which induced Liberty Life Insurance Company to show him as an insured . . . . This defendant avers that the plaintiff is barred from recovery on the basis of the misrepresentation of Richard Lewis Forsythe, which representations void any coverages to which he or his beneficiary might otherwise be entitled.

> 17. The plaintiff is estopped to claim the benefits of life insurance coverage on the life of Richard Lewis Forsythe because of the above-described misrepresentations as to the work status of Richard Lewis Forsythe.

Thus, we think it clear that the defenses of misrepresentation of employment status and estoppel pled by Insurex were defenses common to Insurex and appellant, Liberty Life. Therefore, the timely answer of Insurex inures to the benefit of Liberty Life, and it was error to enter default judgment against appellant.

Reversed and remanded.

COOPER and JENNINGS, JJ., agree.